**B1 (Official Form 1) (04/13)**

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

**Name of Debtor (if individual, enter Last, First, Middle):**
GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.

**Name of Joint Debtor (Spouse) (Last, First, Middle):**

**All Other Names used by the Debtor in the last 8 years** (include married, maiden, and trade names):
None

**All Other Names used by the Joint Debtor in the last 8 years** (include married, maiden, and trade names):

**Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN** (if more than one, state all): EIN: 13-3783251

**Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN** (if more than one, state all):

**Street Address of Debtor (No. and Street, City, and State)**
700 White Plains Road
Suite 19
Scarsdale, NY            ZIPCODE 10583

**Street Address of Joint Debtor (No. and Street, City, and State**
ZIPCODE

**County of Residence or of the Principal Place of Business:**
Westchester

**County of Residence or of the Principal Place of Business:**

**Mailing Address of Debtor (if different from street address):**
ZIPCODE

**Mailing Address of Joint Debtor (if different from street address):**
ZIPCODE

**Location of Principal Assets of Business Debtor (if different from street address above):**
ZIPCODE

**Type of Debtor** (Form of Organization) (Check one box)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box)
- [x] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests: _____

Each country in which a foreign proceeding by, regarding, or against debtor is pending: _____

**Tax-Exempt Entity** (Check box, if applicable)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code)

**Nature of Debts** (Check one box)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. §101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee (Check one box)**
- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D)
- [x] Debtor is not a small business as defined in 11 U.S.C. § 101(51D)

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - QDS-IJXZ*****

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: NONE | Case Number: | Date Filed: |
| Location Where Filed: N.A. | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: George C, Shapiro | Case Number: 13-23026 | Date Filed: 06/28/2013 |
| District: Southern District of New York | Relationship: Owner | Judge: Robert D. Drain |

### Exhibit A
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
Signature of Attorney for Debtor(s)        Date

### Exhibit C
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

### Exhibit D
(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United Sates in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - QJDS-JJXZ*****

B1 (Official Form 1) (04/13)

Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C. |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

X _____
Signature of Attorney for Debtor(s)

SALVATORE J. LIGA, ESQ. SJL4608
Printed Name of Attorney for Debtor(s)

The Liga Law Group, P.C.
Firm Name

777 Westchester Ave, Suite 101
Address

White Plains, New York 10604

(877) 725-5442    sliga@ligalaw.com
Telephone Number          e-mail

06/27/2013
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

JEFFREY T. SHAPIRO, MD
Printed Name of Authorized Individual

Owner
Title of Authorized Individual

06/27/2013
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 of title 11 are attached.

☐ Pursuant to 11 U.S.C.§ 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
(Date)

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, (2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. § 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - QIDS-IJXZ*****

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

GEORGE C. SHAPIRO, MD & JEFFREY T.
SHAPIRO, MD, P.C.

In re _____,

Debtor

Case No. _____

Chapter ___11_____

## Voluntary Petition Continuation Sheet

| Additional Pending Bankruptcy Case(s) Filed by any Spouse, Partner or Affiliate of this Debtor | | |
|---|---|---|
| Name of Debtor:<br>Jeffrey T. Shapiro | Case Number:<br>13-23025 | Date Filed:<br>06/28/2013 |
| District:<br>Southern District of New York | Relationship:<br>Owner | Judge:<br>Robert D. Drain |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

GEORGE C. SHAPIRO, MD &
JEFFREY T. SHAPIRO, MD, P.C.

                              Debtor.

----------------------------------------------------------x

## CORPORATE RESOLUTION

At a special meeting of the shareholders **of GEORGE C. SHAPIRO, MD &**
**JEFFREY T. SHAPIRO, MD, P.C.** ("Company") held on June 27, 2013, and upon the consent
of all the shareholders and directors and after motion duly made, seconded and unanimously
carried, it was:

**RESOLVED** that JEFFREY T. SHAPIRO is authorized and empowered to cause the
filing of a petition under Chapter 11 of the United States Bankruptcy Code to made on behalf of
the Company and its creditors; That JEFFREY T. SHAPIRO is also authorized to take all
necessary and proper action in connection with the filing of the Chapter 1I petition, including
the retention of the law firm of **THE LIGA LAW GROUP, P.C.,** as counsel for that purpose.

DATED:        June 27, 2013
              Scarsdale, New York

                                        */s/ Jeffrey T. Shapiro*
                                        **JEFFREY T. SHAPIRO**
                                        *President/Secretary*
                                        *GEORGE C. SHAPIRO, MD &*
                                        *JEFFREY T. SHAPIRO, MD, P.C.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

GEORGE C. SHAPIRO, MD &
JEFFREY T. SHAPIRO, MD, P.C.

                              Debtor.

------------------------------------------------------------x


## LIST OF EQUITY INTEREST HOLDERS


| JEFFREY T. SHAPIRO | 50.0% |
| GEORGE C. SHAPIRO | 50.0% |


DATED:      June 27, 2013
            Scarsdale, New York


                              _/s/ Jeffrey T. Shapiro_____
                              **JEFFREY T. SHAPIRO**
                              *President*
                              *GEORGE C. SHAPIRO, MD &*
                              *JEFFREY T. SHAPIRO, MD, P.C.*

B4 (Official Form4)(12/07)

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re    GEORGE C. SHAPIRO, MD & JEFFREY T.
SHAPIRO, MD, P.C.

_____,
Debtor

Case No. _____

Chapter    11    _____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C.§ 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc. | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| The CIT Group/Equipment Financing, Inc. c/o Lowenstein Sandler LLP 1251 Avenue of The Americas New York, NY 11020 | | Judgment | | 606,063.89 |
| DELTAMNGGRP 2499 RICE ST SUITE 245 SAINT PAUL, MN 55113 | | Trade debt | | 267,339.00 |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc. - ver. 4.7.2-790 - Q0DS-JDXZ*****

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc. | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| Sean R. Callagy, Esq. LLC 650 From Road Suite 565 Paramus, NJ 07652 | | Trade debt | | 38,226.39 |
| Davies O'Connor 550 Mamroneck Ave, Suite 301 Harri8son, NY 10528 | | Trade debt | | 29,800.00 |
| Navix Diagnostix P.O. Box 347203 Pittsburgh, PA 15251 | | Trade debt | | 18,000.00 |
| Vernon Hills S.C. 700 White Plains Road Scarsdale, NY 10583 | | Landlord | | 13,454.75 |
| MBNA P.O. 156796 Wilmington, DE19886 | | Bank loan | | 13,016.24 |
| Garfunkle, Wild & Travis PC 111 Great Neck Road Great Neck, NY 11021 | | Trade debt | | 9,731.09 |
| Marks, Paneth & Shron, LLP 622 Third Avenue New York, NY 10017 | | Trade debt | | 5,000.00 |
| Vistek 6491 Powers Ave Jacksonville, FL 32217 | | Trade debt | | 4,494.45 |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - QJDS-JJXZ*****

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc. | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| United Health/OxFord<br>P.O. Box 1697<br>Newark, NJ 07101 | | Trade debt | | 4,384.00 |
| Mr. Crash Cart<br>154 Cooper Road<br>West Berlin, NJ 08901 | | Trade debt | | 1,292.18 |
| Drews Design<br>32 Cambridge Ave<br>Tuckahoe, NY 10707 | | Trade debt | | 974.49 |
| Logic Medical<br>154 Cooper Road<br>West Berlin, NJ 08901 | | Trade debt | | 305.00 |
| AARC Networking<br>8812 182nd Street<br>Jamaica, NY 11423 | | Trade debt | | 250.00 |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, [the president or other officer or an authorized agent of the corporation] named as debtor in this case, declare under penalty of perjury that I have read the foregoing LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS and that it is true and correct to the best of my information and belief.

Date    06/27/2013

Signature    /s/ JEFFREY T. SHAPIRO, MD

JEFFREY T. SHAPIRO, MD,
Owner

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - QDS-a0XZ******

B6 Cover (Form 6 Cover) (12/07)

## FORM 6. SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Nonpriority Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I - Current Income of Individual Debtor(s)
Schedule J - Current Expenditures of Individual Debtor(s)

Unsworn Declaration under Penalty of Perjury

GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of any amendments thereto must contain a caption as in Form 16B. Subsequent pages should be identified with the debtor's name and case number. If the schedules are filed with the petition, the case number should be left blank

Schedules D, E, and F have been designed for the listing of each claim only once. Even when a claim is secured only in part or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or it part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed on Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - QJDS-JJXZ******.

B6A (Official Form 6A) (12/07)

In re ___GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.___          Case No. _____
               **Debtor**          **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Office Lease<br><br>Tenant:<br>Jeffrey C. Shapiro, personally<br><br>Demised Premises:<br>700 White Plains Road, Suite 19<br>Scarsdale, NY 10583 | Leasehold Estate | | Indeterminate | None |
| | | Total ➤ | 0.00 | |

(Report also on Summary of Schedules.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc. ver. 4.7.2-790 - QJDS-JJXZ******

B6B (Official Form 6B) (12/07)

In re   GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.    Case No. _____

_____
Debtor                                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See. 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking Account (Primary) First Central Savings Bank Account #: 0500000864  *** Estimated Balance *** | | 40,000.00 |
| | | Checking Account (Nutra Metrix) Capital One Bank Account #: 7047151451 *** Estimated Balance *** | | 650.00 |
| | | Checking Account (Ventricor Account) North Fork Bank Account #: 6154005851 | | 93.79 |
| | | Checking Account (Chase - Payroll) Chase Account : 250501534765 *** Estimated Balance *** *** Account currently frozen by CIT Group ** | | 25,000.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Miscellanous Office Furniture Debtor's Office. | | 5,000.00 |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc. - ver. 4.7.2-790 - QIDS-JJXZ*****-

B6B (Official Form 6B) (12/07) -- Cont.

In re   GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.          Case No. _____
         _____
                        **Debtor**                                              *(If known)*

# SCHEDULE B - PERSONAL PROPERTY

## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 5.   Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.   Wearing apparel. | X | | | |
| 7.   Furs and jewelry. | X | | | |
| 8.   Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.   Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses.  Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | | Accounts Receivable<br>Debtor's Office.<br><br>NOTE: The expected value is estimated at 40%<br><br>Note on sold used medical equipment<br>Mr. Mack Lee Sullivan<br>369 White Plains Road<br>Eastchester, New York 10709 | | 700,018.00<br><br><br><br>20,000.00 |
| 17. Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds.  Give particulars. | X | | | |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - QJDS-JJXZ*****

B6B (Official Form 6B) (12/07) -- Cont.

In re   GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.          Case No. _____
_____                              (If known)
                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Miscellous Used Computer Equipment Debtor's Office | | 5,000.00 |
| | | EECP Machine Debtor's Office. | | 25,000.00 |
| | | EKG Machine Debtor's Offcie. | | 5,000.00 |
| | | ABI Machine Debtor's Office. | | 35,000.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | 2 Echo Machines | | 100,000.00 |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-793 - QDDS-JJX2*****.

B6B (Official Form 6B) (12/07) -- Cont.

In re   GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.                         Case No. _____
                        **Debtor**                                                                    **(If known)**

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | Debtor's Office. | | |
| | | Holter Montor<br>Debtor's Office. | | 25,000.00 |
| 30. Inventory. | | Miscellous Supplies<br>Debtor's Office. | | 3,500.00 |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

___0___  continuation sheets attached    Total    $    989,261.79

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 -QJDS-JIXZ*****.

B6C (Official Form 6C) (04/13)

In re   GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C. _____    Case No. _____
_____              (If known)
                          **Debtor**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐  11 U.S.C. § 522(b)(2)                          ☐  Check if debtor claims a homestead exemption that exceeds
☐  11 U.S.C. § 522(b)(3)                              $155,675*.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Not Applicable. | | | |

*Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - QIDS-JJXZ*****

B6D (Official Form 6D) (12/07)

In re ___GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.___,          Case No. _____
                         **Debtor**                                                   (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 107168<br><br>First Central Saving Bank<br>70 Glen Street<br>Glen Cove, NY 11542 | | | Lien: UCC<br>Security: Blank UCC on all assets<br><br><br>VALUE $        500,000.00 | | | | 143,142.62 | 0.00 |
| ACCOUNT NO. 107168<br><br>First Central Saving Bank<br>70 Glenn Street<br>Glen Cove, NY 11542 | | | Lien: UCC<br>Security: Blanket UCC on all assets<br><br>VALUE $        500,000.00 | | | | 19,190.80 | 0.00 |
| ACCOUNT NO. 107853<br><br>First Central Savings Bank<br>70 Glen Street<br>Glen Cove, NY 11542 | | | Lien: UCC<br>Security: Blank UCC on all assets<br><br><br>VALUE $        500,000.00 | | | | 165,654.86 | 0.00 |

___1___  continuation sheets attached

                                              Subtotal ►   $  327,988.28   $   0.00
(Total of this page)
                                                Total ►   $           $
(Use only on last page)

                                                    (Report also on    (If applicable, report
                                               Summary of Schedules)  also on Statistical
                                                               Summary of Certain Liabilities and Related Data.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - Q0DS-JJXZ*****-*

B6D (Official Form 6D) (12/07) – Cont.

In re    GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.        Case No. _____
_____                      (If known)
                      Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| VGM Finanacial Services 1111 West San Marnan Drive, Suite A2 West, Waterloo, IA 50701-8926 | X | | Lien: Jugment & UCC Security: Leased Equipmment & Blanket UCC on cash & A/R | | | X | 62,500.00 | 0.00 |
| | | | VALUE $          300,000.00 | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | | | | | | |
| | | | VALUE $ | | | | | |

Sheet no. __1__ of __ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal (s) ▶
(Total(s) of this page)
$    62,500.00    $    0.00

Total(s) ▶
(Use only on last page)
$    390,488.28    $    0.00

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 -QDJS-JJXZ*****.-

B6E (Official Form 6E) (04/13)

In re    GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO,
         MD, P.C.
         _____,          Case No. _____
                        Debtor                                         (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver 4.7.2-790-QDS-JJXZ*****

B6E (Official Form 6E) (04/13) - Cont.

In re  GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.          ,          Case No._____
_____
Debtor                                                                                                  (if known)

☐   **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐   **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

   * Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Bankruptcy2013 ©1991-2013, New Hope Software, Inc. - ver. 4.7.2-790 - QJDS-JJXZ***** -

_0__ continuation sheets attached

B6F (Official Form 6F) (12/07)

In re    GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.                    Case No. _____
                        Debtor                                                            (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>AARC Networking<br>8812 182nd Street<br>Jamaica, NY 11423 | | | Consideration: IT Techs | | | | 250.00 |
| ACCOUNT NO.<br>Davies O'Connor LLP<br>550 Mamroneck Ave, Suite 301<br>Harrison, NY 10528 | | | Consideration: Professional Services | | | | 29,800.00 |
| ACCOUNT NO.<br>DELTAMNGGRP<br>2499 Rice St., Ste 245<br>SAINT PAUL, MN 55113 | | | Incurred: 5/2012<br>Consideration: Collection Account<br>Originally, PNC Equipoement Financing | | | | 267,339.00 |
| ACCOUNT NO.<br>Drews Design<br>32 Cambridge Ave<br>Tuckahoe, NY 10707 | | | Consideration: Carpeting for the Office | | | | 974.49 |

_3_ continuation sheets attached

Subtotal ► $ 298,363.49

Total ► $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790--QJDS-JXZ*****.

B6F (Official Form 6F) (12/07) - Cont.

In re   GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.,                 Case No. _____
         Debtor                                                                              (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. Garfunkle, Wild & Travis PC 111 Great Neck Road Great Neck, NY 11021 | | | Consideration: Legal Work | | | | 9,731.09 |
| ACCOUNT NO. Logic Medical 154 Cooper Road West Berlin, NJ 08901 | | | Consideration: Medical Supplies | | | | 305.00 |
| ACCOUNT NO. Lowenstein Sandler LLP 1251 6th Avenue New York, NY 11020 | | | The CIT Group/Equipment Financing, Inc. vs. Shapiro | | | | Notice Only |
| ACCOUNT NO. Marks, Paneth & Shron, LLP 622 Third Avenue New York, NY 10017 | | | Consideration: Legal Fees | | | | 5,000.00 |
| ACCOUNT NO. MBNA P.O. 156796 Wilmington, DE19886 | | | Consideration: Credit Card | | | | 13,016.24 |

Sheet no. 1 of 3 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ► $   28,052.33

Total ► $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - QJDS-JJXZ*****

B6F (Official Form 6F) (12/07) - Cont.

In re   GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.,          Case No. _____
            Debtor                                                              (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> Mr. Crash Cart <br> 154 Cooper Road <br> West Berlin, NJ 08901 | | | Consideration: Medical Supplies | | | | 1,292.18 |
| ACCOUNT NO. <br><br> Navix Diagnostix <br> P.O. Box 347203 <br> Pittsburgh, PA 15251 | | | Consideration: Supplies | | | | 18,000.00 |
| ACCOUNT NO. <br><br> Sean R. Callagy, Esq.  LLC <br> 650 From Road <br> Suite 565 <br> Paramus, NJ 07652 | | | Incurred: 2013 <br> Consideration: Legal fees | | | | 38,226.39 |
| ACCOUNT NO. <br><br> The CIT Group/Equipment Financing, Inc. <br> c/o Lowenstein Sandler LLP <br> 1251 6th Avenue <br> New York, NY 11020 | | | Incurred: Mark 2013 <br> Consideration: Judgment | | | X | 606,063.89 |
| ACCOUNT NO. <br><br> Vernon Hills S.C. <br> 700 White Plains Road <br> Scarsdale, NY 10583 | | | Consideration: Rent/Landlord | | | | 13,454.75 |

Sheet no. _2_ of _3_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ▶  $   677,037.21

Total ▶  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - QJDS-JJXZ*****

B6F (Official Form 6F) (12/07) - Cont.

In re  GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.       Case No. _____
                          Debtor                                                        (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. Vistek 6491 Powers Ave Jacksonville, FL 32217 | | | Consideration: Supplies | | | | 4,494.45 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. __3__ of __3__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ▶ | $ | 4,494.45
Total ▶ | $ | 1,007,947.48

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver 4.7.2-790 - QJDS-JJXZ*****-

B6G (Official Form 6G) (12/07)

In re   GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.     Case No. _____
          **Debtor**                                        **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - QIDS-JJXZ*****.

B6H (Official Form 6H) (12/07)

In re ___GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.___         Case No. _____
             Debtor                                                                 (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Jeffrey T .Shapiro<br>190 Wilmot Road<br>New Rochelle, NY 10568 | DELTAMNGGRP<br>2499 RICE ST SUITE 245<br>SAINT PAUL, MN 55113 |
| George C. Shapiro<br>25 Old Sprain Road<br>Ardlesy, NY 10502 | DELTAMNGGRP<br>2499 RICE ST SUITE 245<br>SAINT PAUL, MN 55113 |
| George C. Shapiro<br>25 Old Sprain Road<br>Ardsley, NY 10502 | First Central Saving Bank<br>70 Glen Street<br>Glen Cove, NY 11542 |
| George C.Shapiro<br>25 Old Sprain Road<br>Ardsley, NY 10502 | VGM Finanacial Services<br>1111 West San Marnan Drive,<br>Suite A2 West,<br>Waterloo, IA 50701-3926 |
| Jeffrey T. Shapiro<br>190 Wilmot Road<br>New Rochelle, NY 10583 | Vernon Hills S.C.<br>700 White Plains Road<br>Scarsdale, NY 10583 |
| Jeffrey T. Shapiro<br>190 Wilmot Road<br>New Rochelle, NY 10583 | VGM Finanacial Services<br>1111 West San Marnan Drive,<br>Suite A2 West,<br>Waterloo, IA 50701-3926 |
| Jeffrey T. Shapiro<br>190 Wilmot Road<br>New Rochelle, NY 10583 | First Central Saving Bank<br>70 Glen Street<br>Glen Cove, NY 11542 |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver 4.7.2-790 - QJPS-JJXZ*****.

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
### Southern District of New York

GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.

In re _____

Debtor

Case No. _____

Chapter _____11_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | YES | 1 | $ 0.00 | | |
| B – Personal Property | YES | 4 | $ 989,261.79 | | |
| C – Property Claimed as exempt | YES | 1 | | | |
| D – Creditors Holding Secured Claims | YES | 2 | | $ 390,488.28 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $ 1,007,947.48 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | 0 | | | $ 0.00 |
| J - Current Expenditures of Individual Debtors(s) | NO | 0 | | | $ 0.00 |
| TOTAL | | 16 | $ 989,261.79 | $ 1,398,435.76 | |

Bankrupcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - Q0DS-JJXZ*****-

# United States Bankruptcy Court
## Southern District of New York

In re   GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.      Case No. _____

Debtor

Chapter      11

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. §101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☑  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $  N.A. |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $  N.A. |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $  N.A. |
| Student Loan Obligations (from Schedule F) | $  N.A. |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $  N.A. |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $  N.A. |
| TOTAL | $  N.A. |

**State the Following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $  N.A. |
| Average Expenses (from Schedule J, Line 18) | $  N.A. |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $  N.A. |

**State the Following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $  N.A. |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $  N.A. | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $  N.A. |
| 4. Total from Schedule F | | $  N.A. |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $  N.A. |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-799 - QJDS-JJXZ*****.

B6 (Official Form 6 - Declaration) (12/07)

GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.

In re _____     Case No. _____
          **Debtor**                                      **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES
## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____     Signature: _____
                                              Debtor

Date _____     Signature: _____
                                              (Joint Debtor, if any)

[If joint case, both spouses must sign.]

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____     _____
Printed or Typed Name and Title, if any,          Social Security No.
of Bankruptcy Petition Preparer                   *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
Address

X _____     _____
  Signature of Bankruptcy Petition Preparer          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the **Owner** _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C. [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _18_ sheets *(total shown on summary page plus 1),* and that they are true and correct to the best of my knowledge, information, and belief.

Date __06/27/2013__     Signature: __/s/ JEFFREY T. SHAPIRO, MD__

                                    __JEFFREY T. SHAPIRO, MD__
                                    [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In Re ___GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C._____

Case No. _____
(if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  | AMOUNT | SOURCE |
|---|---|---|
| 2013 | 310,105.28 | *** Per Bookkkper Prepared P&L *** ** Ass of 6/28/2013 **. |
| 2012 | 573,578.00 | **** Per filed Form 1120S **** |
| 2011 | 1,209,941.00 | **** Per filed Form 1120S **** |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver 4.7.2-790-QJDS-JJXZ******.

B7 (Official Form 7) (04/13)                                                                 2

---

**2.  Income other than from employment or operation of business**

None
☒

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                        SOURCE

---

**3.  Payments to creditors**

None
☒

*Complete a. or b., as appropriate, and c.*

*a. Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

None
☒

*b. Debtor whose debts are not primarily consumer debts:*  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after date of adjustment.*

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - QDBS-JJX2•••••

B7 (Official Form 7) (04/13)                                                                3

None

☒    c. *All debtors:* List all payments made within one year immediately preceding the commencement of this case
to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13
must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are
separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None

☒    a.    List all suits and administrative proceedings to which the debtor is or was a party within one year
immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13
must include information concerning either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None

☒    b.    Describe all property that has been attached, garnished or seized under any legal or equitable process
within one year immediately preceding the commencement of this case. (Married debtors filing under chapter
12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5.    Repossessions, foreclosures and returns**

None

☒    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a
deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement
of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

Bankruptcy 2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - QIDS-QIXZ*****-

B7 (Official Form 7) (04/13)                                                                                                 4

### 6.  Assignments and Receiverships

None     a.     Describe any assignment of property for the benefit of creditors made within 120 days immediately
☒  preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include
any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated
and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None     b.     List all property which has been in the hands of a custodian, receiver, or court-appointed official within
☒  one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or
chapter 13 must include information concerning property of either or both spouses whether or not a joint petition
is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7.  Gifts

None      List all gifts or charitable contributions made within one year immediately preceding the commencement of
☒  this case, except ordinary and usual gifts to family members aggregating less than $200 in value per individual
family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing
under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8.  Losses

None      List all losses from fire, theft, other casualty or gambling within one year immediately preceding the
☒  commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12
or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver 4.7.2-790 - QJDS-JJXZ*****.

B7 (Official Form 7) (04/13)                                                                                      5

---

**9.  Payments related to debt counseling or bankruptcy**

None      List all payments made or property transferred by or on behalf of the debtor to any persons, including
☒      attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a
petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**10.  Other transfers**

None      a.    List all other property, other than property transferred in the ordinary course of the business or financial
☒      affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the
commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by
either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition
is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

---

     b.    List all property transferred by the debtor within ten years immediately preceding the commencement of this
case to a self-settled trust or similar device of which the debtor is a beneficiary.

None
☒
| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11.  Closed financial accounts**

None      List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor
☒      which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of
this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments;
shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage
houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include
information concerning accounts or instruments held by either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

B7 (Official Form 7) (04/13)

6

**12. Safe deposit boxes**

None
☒

    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**

None
☒

    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**

None
☒

    List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None
☒

    If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - QJDS-JiXi2******.

B7 (Official Form 7) (04/13)

7

**16. Spouses and Former Spouses**

None ☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Sites**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ☒

a.     List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.     List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☒

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.     List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None ☒

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                                               8

**18. Nature, location and name of business**

None       a.        If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the
☒         businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director,
          partner, or managing executive of a corporation, partnership, sole proprietorship, or was self-employed in a
          trade, profession, or other activity either full- or part-time within six years immediately preceding the
          commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities
          within the six years immediately preceding the commencement of this case.

          If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses,
          and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more
          of the voting or equity securities, within the six years immediately preceding the commencement of this case.

          If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the
          businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5
          percent or more of the voting or equity securities within the six years immediately preceding the commencement
          of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
|      |      |      |      |      |

          b.        Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined
None      in 11 U.S.C. § 101.
☒
          NAME                                                                      ADDRESS


## [Questions 19 - 25 are not applicable to this case]

                                *   *   *   *   *   *

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any
attachments thereto and that they are true and correct to the best of my knowledge, information and belief.


Date    06/27/2013                              Signature    /s/ JEFFREY T. SHAPIRO, MD

                                                             JEFFREY T. SHAPIRO, MD,
                                                             Owner

                                                             Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

B7 (Official Form 7) (04/13)

9

_0_  continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and required under 11U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No. (Required by 11 U.S.C. § 110(c).)
*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X_____
Signature of Bankruptcy Petition Preparer                  Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. §156.*

AARC Networking
8812 182nd Street
Jamaica, NY 11423


Davies O'Connor LLP
550 Mamroneck Ave, Suite 301
Harrison, NY 10528


DELTAMNGGRP
2499 Rice St., Ste 245
SAINT PAUL, MN 55113


Drews Design
32 Cambridge Ave
Tuckahoe, NY 10707


First Central Saving Bank
70 Glen Street
Glen Cove, NY 11542


First Central Saving Bank
70 Glenn Street
Glen Cove, NY 11542


First Central Savings Bank
70 Glen Street
Glen Cove, NY 11542


Garfunkle, Wild & Travis PC
111 Great Neck Road
Great Neck, NY 11021


George C. Shapiro
25 Old Sprain Road
Ardlesy, NY 10502


George C. Shapiro
25 Old Sprain Road
Ardsley, NY 10502


George C.Shapiro
25 Old Sprain Road
Ardsley, NY 10502

Jeffrey T .Shapiro
190 Wilmot Road
New Rochelle, NY 10568


Jeffrey T. Shapiro
190 Wilmot Road
New Rochelle, NY 10583


Jeffrey T. Shapiro
190 Wilmot Road
New Rochelle, NY 10583


Jeffrey T. Shapiro
190 Wilmot Road
New Rochelle, NY 10583


Logic Medical
154 Cooper Road
West Berlin, NJ 08901


Lowenstein Sandler LLP
1251 6th Avenue
New York, NY 11020


Marks, Paneth & Shron, LLP
622 Third Avenue
New York, NY 10017


MBNA
P.O. 156796
Wilmington, DE19886


Mr. Crash Cart
154 Cooper Road
West Berlin, NJ 08901


Navix Diagnostix
P.O. Box 347203
Pittsburgh, PA 15251

Sean R. Callagy, Esq.   LLC
650 From Road
Suite 565
Paramus, NJ 07652


The CIT Group/Equipment Financing, Inc.
c/o Lowenstein Sandler LLP
1251 6th Avenue
New York, NY 11020


Vernon Hills S.C.
700 White Plains Road
Scarsdale, NY 10583


VGM Finanacial Services
1111 West San Marnan Drive,
Suite A2 West,
Waterloo, IA 50701-8926


Vistek
6491 Powers Ave
Jacksonville, FL 32217

B203
12/94

# United States Bankruptcy Court
## Southern District of New York

In re  GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.        Case No. _____

                                                                  Chapter      11      _____

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s)
and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services
rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow s:

For legal services, I have agreed to accept ...........................................................  $ ___10,000.00___

Prior to the filing of this statement I have received ...................................................  $ ___10,000.00___

Balance Due ...................................................................................................  $ _____0.00_____

2.  The source of compensation paid to me was:

    ☑ Debtor        ☐ Other (specify)

3.  The source of compensation to be paid to me is:

    ☑ Debtor        ☐ Other (specify)

4.  ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and
associates of my law firm.

    ☐  I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates
of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
This a flat arrangment.

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following services:
a.  Representation in adversary and contested matters;
b.  Real estate appraisals prepared by licensed appraisers, as requested by the court or U.S. Trustee;
c.  Adjournments of 341a hearings, caused by the Debtor(s) failure to appear or bring the necessary identifcation to the hearing.

Bankruptcy2013 ©1991-2013. New Hope Software, Inc. - ver 4.7.2-790 - Q3DSs-JJXZ*****-

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the
debtor(s) in the bankruptcy proceeding.

___06/27/2013___                               /s/ Salvatore J. Liga, Esq.
Date                                           Signature of Attorney

                                               The Liga Law Group, P.C.
                                               Name of law firm

**THE LIGA LAW GROUP, P.C.**
*Attorneys for the Debtor*
777 Westchester Avenue, Suite 101
White Plains, New York 10604
(877) 725-5442


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                      Chapter 11

GEORGE C. SHAPIRO, MD &                               Case No:
JEFFREY T. SHAPIRO, MD, P.C.

                                    Debtor.
----------------------------------------------------------x

**AFFIDAVIT OF JEFFREY T. SHAPIRO**

**<u>PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2</u>**

STATE OF NEW YORK                        )
COUNTY OF WESTCHESTER          ) SS.:


     **JEFFREY T. SHAPIRO**, being duly sworn deposes and says:


     1.     I submit this affidavit pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-2 of the Local Rules for the United States  Bankruptcy Court for the Southern District of New York (the "Local Rules").


     2.     I am the President and Secretary of the Debtor, **GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.  ,** a New York professional corporation in good standing corporation, incorporated on July 11, 1994.  **(See Exhibit 1)**

**Rule 1007-2(a)(1)**

3.      My brother George and I, each own 50% of medical practice.


4.      As a result of a series of bad business decisions to purchase and/or lease large

pieces of medical equipment we have been sued several times in recent years resulting in

hundreds of thousands of dollars worth of judgments and obligations for equipment we are no

longer in procession of or own.


5.      Recently, we were sued by ***The CIT Group/Equipment Financing, Inc.*** after we

falsely believed that we had assigned a lease for over $1,200,000 to a third party who was

associated with Parkway Hospital.   Parkway Hospital subsequently went bankrupt, the third

party subsequently went bankrupt and the individuals with whom we dealt with were charged

and convicted of white collar crimes and are currently incarcinated.  We were subsequently sued

on the lease after the equipment was repossessed without our prior knowledge.   After wasting

tens of thousands of dollars trying to defend ourselves on the basic premise that we assigned the

lease and were never notified of any default by the third party, a judgment was entered against us

in excess of $600,000.   **(Exhibit 2)**


6.      The lawyers for ***The CIT Group/Equipment Financing, Inc.*** subsequently froze

one of our bank accounts.


7.      We tried to negotiate a pay-off schedule with them, however, they would not

agree to any installment payments without us first providing them with intimate financial

information without any assurances, whatsoever, that said information would not be used to

adversary effect us.


8.      We decided to file bankruptcy, since it provides us a relatively safe and

predictable environment to answer financial questions.

9.      I believe, the practice is fundamentally solid, however, it is strapped with an incredible amount of debt from peripheral ventures.  As result, we are throwing good money after bad, month after month.

10.     I believe the practice will benefit from a restructuring.

**Local Rule 1007-2(a)(2)**

15.     This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

15.     Upon information and belief, no committee or professionals were employed prior to the filing of the Order for relief.

**Local Rule 1007-2(a)(4)**

16.     A list of the holders of the 20 largest general unsecured claims, excluding insiders, is attached a made a part hereof.  (**Exhibit 3**).

17.     The Debtor has two secured claims as follows:

a.      **VGM Financial Services** , resulting from a equipment lease.  The Creditor subsequently sued the Debtors' getting a judgment in the amount of $289,005.

b.      **First Ventral Saving Bank**, as a result of series of business loans.   The total amount due is appropriately $327,998.28.

        **(See Exhibit 3)**

**Local Rule 1007-2(a)(6)**

18.     A Balance Sheet is attached and made a part hereof, outlining the Debtor's estimated assets and liabilities.  **(See Exhibit 5).**

**Local Rule 1007-2(a)(7)**

19.     There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

20.     None of the Debtor's property is in the possession of a third party, with the exception of cash being held in Debtor's bank accounts.

**Local Rule 1007-2(a)(9)**

21.     The Debtor currently occupies office space located at 700 White Plains Road, Suite 19, Scarsdale, New York 10583.  The space is leased to JEFFREY T. SHAPIRO, personal. The Debtor has no other interest, whatsoever, in real property.

**Local Rule 1007-2(a)(10)**

22.     All of the Debtor's assets are located at 700 White Plains Road, Suite 19, Scarsdale, New York 10583.

23     The Debtor's book and records are located at 700 White Plains Road, Suite 19, Scarsdale, New York 10583.

**Local Rule 1007-2(a)(11)**

24.     The following actions or proceedings are pending against the Debtor:

***NONE***

**Local Rule 1007-2(a)(12)**

25.     The Debtor's senior management consists:

        a.      President/Secretary  and 50% stakeholder, JEFFREY T. SHAPIRO;

        b.      Vice President and 50% stakeholder, GEORGE C. SHAPIRO;

        c.      It's bookkeeper, PATRICIA WATTS.

**Local Rule 1007-2(b)(1)**

26.     The Debtor's estimated payroll to employees for the thirty (30) day period following the Chapter 11 petition is $55,000.   No pre-petition payroll is owed to employees.

**Local Rule 1007-2(b)(2)**

27.     The estimated amount to be paid for services to its officers and directors for the thirty (30) day period following the filing of the Chapter 11 petition is $0.

28.     The estimated amount to be paid to JEFFREY T. SHAPIRO and GEORGE C. SHAPIRO, in addition to payroll, is $8,000 per week (pre-tax) each per week.

**Local Rule 1007-2(b)(3)**

29.     A 30-day budget is annexed hereto as and is also submitted pursuant to the requirements of a small business debtor as set forth in 11 U.S.C. §1116.  **(Exhibit 6)**

**Tax Returns**

30.     The Debtor is up to date in income tax filings.   A copy of the 2011 and 2012 tax returns are attached a made apart hereof.   **(See Exhibit 7)**

**Corporate Ownership Statement**

32.     No corporation has ownership interest in the Debtor.     Nor does the Debtor own an interest in any company or corporation.   The Debtor is owned  50% by JEFFREY T. SHAPIRO and 50% by GEORGE C. SHAPIRO.

     **(See Exhibit 8)**

## CONCLUSION

33. The Debtor believes it is in the best interests of all of its creditors that it be afforded an opportunity to reorganize its obligations in Chapter 11.

33. The needs and interests of the Debtor and its creditors will best be served by the Debtor's possession of its assets and management of its affairs as a Debtor-in-Possession under Chapter 11 until confirmation of a reorganization plan.

*Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.*

DATED:        June 28, 2013
              Scarsdale, New York

              */s/ Jeffrey T. Shapiro*_____
              **JEFFREY T. SHAPIRO**
              *President*
              *GEORGE C. SHAPIRO, MD &*
              *JEFFREY T. SHAPIRO, MD, P.C.*

**EXHIBIT 1**

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through May 20, 2013.

Selected Entity Name: GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.
Selected Entity Status Information
Current Entity Name: GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.
DOS ID #: 1835156
Initial DOS Filing Date: JULY 11, 1994
County: WESTCHESTER
Jurisdiction: NEW YORK
Entity Type: DOMESTIC PROFESSIONAL CORPORATION
Current Entity Status: ACTIVE

Selected Entity Address Information
**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
GEORGE SHAPIRO, MD
700 WHITE PLAINS RD
SCARSDALE, NEW YORK, 10583
**Chief Executive Officer**
GEORGE SHAPIRO, MD
700 WHITE PLAINS RD
SCARSDALE, NEW YORK, 10583
**Principal Executive Office**
GEORGE SHAPIRO, M.D. ASSOCIATES, P.C.
700 WHITE PLAINS RD
SCARSDALE, NEW YORK, 10583
**Registered Agent**
NONE

This office does not record information regarding
the names and addresses of officers, shareholders
or directors of nonprofessional corporations except
the chief executive officer, if provided, which

would be listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the initial certificate of incorporation, however this information is not recorded and only available by viewing the certificate.

**\*Stock Information**

**# of Shares  Type of Stock  $ Value per Share**

200          No Par Value

\*Stock information is applicable to domestic business corporations.

**Name History**

| Filing Date | Name Type | Entity Name |
|---|---|---|
| AUG 31, 2000 | Actual | GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C. |
| JUL 11, 1994 | Actual | DOMINIC DEPALMA, M.D. & GEORGE SHAPIRO, M.D. ASSOCIATES, P.C. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results  New Search

Services/Programs  |  Privacy Policy  |  Accessibility Policy  |  Disclaimer  |  Return to DOS Homepage  |  Contact Us

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                          :

THE CIT GROUP/EQUIPMENT FINANCING,  :
INC. d/b/a/ TOSHIBA AMERICAN MEDICAL  :
CREDIT,  :
                         Plaintiff,  :         09 Civ. 409 (JPO)
                                  :
          -against-             :           ORDER
                                  :
GEORGE C. SHAPIRO, MD, et al.,  :
                      Defendants.  :
                                  :
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

## I.    Introduction

The parties to this case have filed cross-motions for summary judgment. For the reasons

that follow, Plaintiff's motion is granted, Defendants' motion is denied, and Plaintiff's damages

are limited to $606,063.84.

## II.    Discussion[1]

### A.    Standard of Review: Summary Judgment

Summary judgment is appropriate where the evidence, viewed in the light most favorable

to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also*

*Vacold, L.L.C. v. Cerami*, 545 F.3d 114, 120-21 (2d Cir. 2008). The moving party bears the

burden of showing that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*,

477 U.S. 317, 322-23 (1986). The Court must resolve all ambiguities and draw all permissible

---

[1] Familiarity with the factual background of this case is assumed. The Court relies upon
undisputed facts, or facts as to which there is no *genuine* dispute, unless otherwise noted.

inferences in favor of the non-moving party. *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Here, the parties agree on virtually all material facts and the dispute primarily involves questions of law. Where an alleged factual dispute is relevant, it is noted and addressed under the ordinary summary judgment standard of review.

### B.    Defendants Breached the Master Lease and Guaranty Contracts

Under Arizona Law, which governs the 2005 Master Lease, "[t]o establish a contract claim, a plaintiff must show a contract, a breach of contract, and damages. *Konrath v. Amphitheater Unified Sch. Dist. No. 10*, No. 04 Civ. 179, 2007 WL 2809026, at *26 (D. Ariz. Sept. 26, 2007) (citing *Graham v. Asbury*, 112 Ariz. 184, 185, 540 P.2d 656, 657 (1975)). "Where the language of the contract is clear and unambiguous, it must be given effect as it is written." *Hadley v. Sw. Properties, Inc.*, 116 Ariz. 503, 506, 570 P.2d 190, 193 (1977).

Here, it is not disputed that Plaintiff and Defendants entered into contracts. The Shapiro Corporation entered into a contract with Plaintiff when it signed the Master Lease in 2005. The Shapiros entered into a contract with Plaintiff when they signed the Guaranty in 2005, personally and unconditionally guaranteeing the Shapiro Corporation's payment and other obligations under the Master Lease. In the 2007 Assignment, the Shapiro Corporation assigned its interest in the Scanner to Capitol, but under the clear terms of the Assignment, the Master Lease remained in full force and effect. Both of the defendants thus entered into contracts with Plaintiff.

Defendants breached these contracts. The relevant facts are not in dispute. When Capitol stopped making payments as of August 28, 2008, the Shapiro Corporation incurred an obligation under the still-operative Master Lease to pay amounts due and owing. The Shapiro Corporation did not make any such payments at the time, nor has it made any payments since this litigation commenced. Because of the Guaranty, the Shapiros were personally obliged to pay amounts due

2

and owing if and when the Shapiro Corporation failed to do so. The Shapiros have made no such payments. Thus, there is no dispute that Defendants have not made any payment on obligations arising from Capitol's inability to satisfy its obligations under the Assignment. As a direct result of this non-payment, Plaintiff has sustained damages arising from the breach of contract.

For these reasons, unless Defendants can prove that Plaintiff violated the contracts or that the contracts are for some other reason non-binding, Plaintiff deserves summary judgment.

### C.      Plaintiff Did Not Breach Either of the Contracts

Defendants offer a grab-bag of arguments designed to defeat Plaintiff's straightforward breach of contract claim. Defendants' main argument is that they never defaulted because Plaintiff failed to provide notice of amounts due and owing after Capitol ceased making payments and, later, filed for bankruptcy protection. Because the parties agree that Plaintiff did not provide notice, the critical question is whether Defendants were entitled to notice. The plain language of the contract cuts squarely against this hypothesized notice requirement. It provides, in pertinent part, that upon default, Plaintiff was entitled to "without notice or further action . . . declare immediately due and payable (i) all Rent Payments due under the Lease, (ii) as liquidated damages . . . the Stipulated Loss Value for the Equipment." Jt. Ex. A. § 15.1(e). Defendants advance five grounds to support their position that, notwithstanding this language, the relevant contracts did, in fact, require notice. None of these arguments succeeds.

First, Defendants argue that Plaintiff, by its conduct, waived the right to timely payment and the no-notice provisions in the contract. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 589 F. Supp. 2d 1175, 1184-85 (D. Ariz. 2008) ("Conduct inconsistent with demanding strict compliance with the contract [ ] results in a waiver of the . . . contract provisions." (internal quotation marks and citations omitted)). This waiver allegedly occurred when Plaintiff, on a few

3

occasions, afforded notice and opportunities to cure when the Shapiro Corporation had been up
to ten days late in payments. Defendants add that Plaintiff made a practice of sending invoices
before rental payments were due and providing notice of default. In Defendants' view, this
course of conduct constituted waiver of the Master Lease's no-notice and timely payment
provisions.

This argument runs aground on the contractual text, which provides that "waiver by
Lessor of any breach of any Obligation of Lessee shall not be deemed a waiver of any future
breach of the same or any other Obligation." Jt. Ex. A at § 15.3; *see also* 2005 Unconditional
Guaranty, Jt. Ex. E, at § 4 ("No Guarantor shall be released or discharged, either in whole or in
part, by [Plaintiff's] failure to enforce this Guaranty [r] any other Transactions Documents
[including the Lease] . . ."). Alternatively, Defendants' argument fails because, despite
knowledge of the default since at least January 2009, Defendants have made no effort to cure the
default or request a reasonable time to bring payments up to date. Even to the extent that
Plaintiff waived strict enforcement of the no notice and timely payment provisions, that wavier
does not persist indefinitely or forever undermine Plaintiff's right to collect funds due and
owing.

Second, Defendants argue that the Master Lease's no notice provisions must be invalid
on grounds of substantive and procedural unconscionability. *See Maxwell v. Fid. Fin. Services,
Inc.*, 184 Ariz. 82, 90 (1995) (discussing unconscionability doctrine under Arizona state contract
law). The core of this argument is that the Master Lease deprived Defendants of any mechanism
for determining their obligations in the event of a default by Capitol. This argument is not
persuasive. Article 2A of the Uniform Commercial Code, which has been adopted in Arizona,
expressly provides that "[e]xcept as otherwise provided in this Article or the lease agreement, the

4

lessor or lessee in default under the lease contract is not entitled to notice of default or notice of

enforcement from the other party to the lease agreement." UCC §2A-502. The default rule set

by the U.C.C. is presumptively not unconscionable. Further, Defendants are simply incorrect.

Defendants could easily have contracted with Capitol, or developed some other informal

arrangement, to monitor their obligations under the Assignment, Master Lease, and Guaranty.

Moreover, Defendants have been on notice for at least three years and still have not made any

payments to Plaintiff on amounts due and owing pursuant to the Master Lease. Finally,

Defendants are sophisticated parties and there was no significant disparity of bargaining power.

Third, the Shapiro Corporation identifies a purported question of fact regarding when its

obligations under the Assignment were triggered. This argument misses the point. The Master

Lease remained in operation even after the parties agreed to the Assignment. Obligations to pay

Plaintiff were never "triggered." They persisted all along, notwithstanding the fact that Capitol

made these payments for a period of time. There is no question of fact here.

Fourth, Defendants identify a purported question of fact regarding application of the

doctrine of equitable estoppel to Plaintiff's insistence on compliance with the Master Lease's no

notice provision. *See Valencia Energy Co. v. Arizona Dept. of Revenue*, 191 Ariz. 565, 576-77

(1998) ("The three elements of equitable estoppel are traditionally stated as: (1) the party to be

estopped commits acts inconsistent with a position it later adopts; (2) reliance by the other party;

and (3) injury to the latter resulting from the former's repudiation of its prior conduct."). This

argument is derivative of Defendants' first argument and rests, in large part, on the claim that

Plaintiff, through its course of conduct, advanced an inconsistent position regarding its view of

strict adherence to the no notice and timely payment provisions. Largely for the reasons noted

above, this argument does not succeed. Further, "[t]he doctrine of equitable estoppel is not

5

applicable unless one is injured by justifiably relying upon conduct of another intended to induce such reliance." *Villas at Hidden Lakes Condominiums Ass'n v. Geupel Const. Co., Inc.*, 174 Ariz. 72, 78 (Ct. App. 1992). Here, there is no allegation of intent to induce reliance—nor would it have been justified as a matter of law for Defendants to rely on Plaintiff's actions, which consisted of sending invoices, sending notice of default, and allowing a ten-day window to cure default in a few exceptional cases, to conclude that a notice requirement applied. This is particularly true where the contractual language expressly included both a no notice provision and a provision disowning waiver in the event of occasional departures.

Finally, Plaintiff invokes the law of secured transactions, noting that the Master Lease gave the Shapiro Corporation an option to purchase the equipment at the end of the lease period. That bare fact, however, does not create a security interest under Arizona state law. Ariz. Rev. Stat. Ann. §47-1203(C)(4-5) ("A transaction in the form of a lease does not create a security interest merely because . . . [t]he lessee has an option to renew the lease or to become the owner of the goods . . . [or] [t]he lessee has an option to renew the lease for a fixed rent that is equal to or greater than the reasonably predictable fair market rent for the use of the goods for the term of the renewal at the time the option is to be performed.").

Defendants have advanced these arguments in opposition to Plaintiff's motion for summary judgment and in support of their own motion for summary judgment. As a matter of law, and based on undisputed facts, these arguments do not succeed for purposes of either motion.

In the alternative, and once again in opposition to Plaintiff's motion for summary judgment and in support of their own motion for summary judgment, Defendants argue that they were excused from performance of the Master Lease because Plaintiff breached it first. *See*

6

*Murphy Farrell Dev., LLLP v. Sourant*, 229 Ariz. 124, 133 (Ct. App. 2012), *as amended* (June 29, 2012) ("[A]n uncured material breach of contract relieves the non-breaching party from the duty to perform and can discharge that party from the contract." (citation omitted)).  Specifically, Defendants points to three grounds for a finding of breach by Plaintiff: (1) Plaintiff unilaterally terminated the lease; (2) Plaintiff deprived the Shapiro Corporation of the right to the use and possession of the Equipment; and (3) Plaintiff repossessed and disposed of the Equipment without the consent of the Shapiro Corporation and without making them a party to, or even noticing them of, the legal proceeding used to repossess the Equipment.

  Defendants' arguments that Plaintiff breached the contract by terminating the Master Lease without notice and without affording a right to cure fail because, as explained above, the Master Lease did not require either notice or an opportunity to cure.  For that reason, Plaintiff did not breach the contract by repossessing the Equipment, since the Master Lease provided that the Shapiro Corporation's right of quiet enjoyment and use of the Equipment was contingent upon no event of default occurring.  (*See* 2005 Master Lease at ¶ 1.4.)  Here, an event of default occurred in 2008.  By the time Plaintiff repossessed the Equipment in 2009, the Shapiro Corporation no longer enjoyed any rights to its continued use under the Master Lease.  Nor did Plaintiff breach the Master Lease through its manner of repossession.  The Master Lease expressly authorized repossession by consent or legal process.  Here, Plaintiff relied on legal process:  to wit, the Capitol Bankruptcy proceedings.  No provision of the Master Lease required that Defendants be joined as parties to any legal proceeding relied upon for repossession.

  Thus, looking to undisputed facts and the Master Lease's plain language, Defendants' argument that Plaintiff breached the contract first and thereby excused Defendants from their duty to perform fails as a matter of law in both of the pending motions for summary judgment.

Finally, Defendants argue that summary judgment is inappropriate because a factual dispute exists regarding the commercial reasonableness of Plaintiff's sale of the Equipment. In response to this argument, Plaintiff has stipulated in its motion papers and in a phone conference to a valuation of the Equipment at $617,930 (the value urged by Defendants). The Court holds Plaintiff to that stipulation and concludes that there is no disputed issue of material facts with respect to the commercial reasonableness of the sale of the Equipment.

To summarize, Plaintiff was not obliged to provide notice to Defendants of amounts due and owing, did not breach the contract through unilateral termination, did not breach the contract through its decision to repossess and its method of doing so, and has stipulated to facts that moot any factual dispute over the commercial reasonableness of its sale of the Equipment. Because Plaintiff did not, in fact, breach the contracts, this argument is no obstacle to a grant of summary judgment for Plaintiff—nor does it justify summary judgment for Defendants.[2]

---

[2] For these reasons, Plaintiff is hereby awarded summary judgment on Defendants' counterclaims for breach of contract, failure to file notice of the disposition of the collateral, and unconscionability. Summary judgment is also granted to Plaintiff on Defendants' counterclaims for fraud in the inducement and consumer fraud. Fraud in the inducement is a nine-element claim under Arizona law. *See Stirling Bridge, L.L.C. v. Cementos de Amigos, L.L.C.*, 1 CA-CV 06-0103, 2007 WL 5439748, at *5 n.11 (Ariz. Ct. App. July 12, 2007) ("(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury." (citation omitted)). Here, Defendants are missing a critical element: a false representation. They offer only conclusory assertions to support their allegations, referring to false statements by *Capitol*, not Plaintiff, and then referring vaguely (and without documentary evidence) to a suggestion that Toshiba was somehow complicit in this representation by virtue of an alleged—but undocumented and unpursued—offer to modify the Guaranty. Given the Court's duty to search the record on a motion for summary judgment, these self-serving, undocumented statements do not suffice to support fraud in the inducement. Defendants also allege a counterclaim under the Arizona Consumer Fraud Act, A.R.S. §44-1522. In Arizona, consumer fraud is "a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury." *Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz.

Having concluded as a matter of law and on the basis of undisputed facts that Defendants *did* breach the Master Lease and Guaranty, and Plaintiff did *not* breach these contracts, the Court denies Defendants' motion for summary judgment and grants Plaintiff's motion for summary judgment with respect to liability. The sole remaining question is whether summary judgment for Plaintiff is appropriate on the matter of damages.

### D.   Damages

Defendants argue that, under the Master Lease, they are entitled to damages for all unpaid rent payments, late charges and property taxes, the Stipulated Loss Value of the Equipment (SLV), and attorneys' fees and costs arising from CIT's enforcement of its rights under the Master Lease. Setting aside attorneys' fees and costs, which the Court will address only after this action concludes, Defendants must show at this summary judgment stage that there are no genuine disputes of material fact regarding the damages award.

Section 15.1(e) of the Master Lease provides as follows with respect to remedies:

> [Upon the occurrence of an Event of Default, Lessor may, at its option, do one or more of the following] . . . without notice or further action on the part of Lessor, declare immediately due and payable (i) all Rent Payments due under the Lease; (ii) as liquidated damages for loss of the bargain and not as a penalty, an amount ("Liquidated Damages Amount") equal to the Stipulated Loss Value for the Equipment as of the Rent Payment Date immediately preceding the date Lessor declares or Lessee knows of an Event of Lessee; (iii) all costs and expenses incurred by Lessor in the repossession, recovery, storage or repair of the Equipment and all court costs and reasonable attorneys' fees incurred by Lessor relating to the enforcement of its rights under

---

1992). Here, Defendants offer no evidence of any false promise or misrepresentation made by Plaintiff; rather, Defendants refer vaguely to their prior, insufficient arguments about unconscionability as a basis for finding consumer fraud. Absent a false promise or misrepresentation, this claim fails. In the alternative, the Court might well reject this claim on the ground that this sort of transaction is not encompassed within the language or purpose of a statute aimed at ordinary consumer-merchant interactions.

9

the applicable Lease(s); and (iv) any indemnity payment, if then determinable, provided, however, that if Lessor completes a cash sale of the Equipment and delivery thereof to the buyer(s) within six (6) months of the payment in full by Lessee of the Liquidated Damages Amount and other amounts payable by Lessee under clauses (i), (ii), (iii) and (iv) above, Lessor shall reimburse Lessee the amount equal to the excess, if any, of such Liquidated Damage Amount payment plus other accounts payable by Lessee under clause (i), (iii) and (iv) above over the sum of (ii) the actual net cash proceeds of such sale(s) and [] the fair market residual value of such equipment as determined by Lessor as of the expiration or cancellation of the Basic Terms or the prevailing Renewal Term at the date of such Event of Default, as applicable. If the Event of Default described in either Section 14(c) or 13(d) above shall have occurred and is continuing, then all of the aforesaid amounts payable by Lessee shall automatically and immediately become due and payable, without presentment, demand, notice, declaration, protest or other requirements of any kind, all of which are expressly waived by Lessee.

The parties do not dispute that this provision governs the remedies available in this case. The Master Lease also contains a severability provision at Section 27.1:

If any provision of any Lease Document, including, without limitation, this Master Lease is contrary to, prohibited by or deemed invalid or unenforceable under applicable laws, rules or regulations of any jurisdiction, such provision shall be inapplicable and deemed omitted only to the extent it is invalid or unenforceable, but shall not invalidate or otherwise affect the remaining provisions of such Lease Documents.

Because the Court concludes that Section 15.1(e) is substantively unconscionable, it relies upon this severability provision to ascertain appropriate damages.

## 1.   Damages Sought by Plaintiff

Plaintiff argues that it is owed $1,225,580.61 as the unpaid balance on the Master Lease, a figure composed of $1,116,782.03 in unpaid rent, $18,965.86 in late charges, and $39,832.72

10

in property taxes.[3]  Plaintiff adds to this figure a liquidated damages remedy in the amount of

$606,063.84, representing the difference between the amount owed pursuant to a stipulated loss

value schedule ($1,223,993.84) and the stipulated-to proceeds of a commercially reasonable sale

of the Equipment ($617,930.00).[4]  Plaintiff bases this calculus on Section 15.1(e) of the Master

Lease and seeks total damages in the amount of $1,831,644.45.

###### 2.    Section 15.1(e) of the Master Lease is Substantively Unconscionable

Under Arizona law, "[s]ubstantive unconscionability concerns the actual terms of the

contract and examines the relative fairness of the obligations assumed." *Maxwell v. Fid. Fin.*

*Services, Inc.*, 184 Ariz. 82, 89 (1995) (in banc) (citations omitted).  "Indicative of substantive

unconscionability are contract terms so one-sided as to oppress or unfairly surprise an innocent

party, an overall imbalance in the obligations and rights imposed by the bargain, and significant

cost-price disparity." *Id.* (citation omitted).  "[A] claim of unconscionability can be established

with a showing of substantive unconscionability alone, especially in cases involving either price-

cost disparity or limitation of remedies." *Id.*  Unconscionability can arise from "grossly-

excessive price" and from "apparent injustice and oppression in [contract] provisions." *Id.* at 90-

91.  "The determination of unconscionability is to be made by the court as a matter of law."

---

[3] Defendants challenge the validity of these figures.  Those arguments can be set aside because
the Court severs these damages by virtue of their substantive unconscionability.

[4] To elaborate, Plaintiff argues—and Defendants do not dispute—that Plaintiff is entitled to
$1,223,993.84 under the Stipulated Loss Value Schedule, minus the proceeds of a commercially
reasonable sale of the Equipment.  Plaintiff reports that it received $320,000 for that sale.
Defendants challenge Plaintiff's assertion that Plaintiff disposed of the Equipment in a
commercially reasonable manner and in good faith, relying in part on the affidavit of an expert,
Tom Amenta, who explains that $617,930.00 would more accurately state the applicable fair
market value at the time of the sale.  Plaintiff disputes Amenta's expert credentials and adds that
it is willing to stipulate to a sale value of $617,930.00 to avoid any genuine dispute over this
admittedly material fact.  The Court holds Plaintiff to that stipulation.

11

*Regatta Point Condo. Ass'n v. Regatta Point, LLC*, 1 CA-CV 06-0403, 2007 WL 5446676, at *5 (Ariz. Ct. App. Dec. 11, 2007).

The Master Lease provides for two principal kinds of damages: liquidated damages pursuant to a stipulated loss value schedule and damages for all unpaid rent payments. Taken together, these damages provisions are manifestly unjust.

In the ordinary course, Plaintiff would be entitled only to expectation damages—the default remedy in contract law. Accordingly, if the Master Lease had been completed without breach, at the end of performance of the contract Plaintiff would have received (a) all the rent payments and (b) the Equipment, the resale value of which would have decreased by some amount since the initial lease. Plaintiff would not be entitled at the end of the contractual arrangement to some additional payment for any drop in the value of the Equipment; presumably, if Plaintiff acted rationally, anticipated capital depreciation would have been priced into the monthly rent payments. The Master Lease, however, provides that in the event of a breach, Plaintiff gets both (a) all future, unpaid rent payments and (b) a sum of money that reflects that anticipated sale value of the Equipment, minus proceeds of an actual sale.

This arrangement immediately triggers two alarms. First, because Plaintiff undertakes to sell the Equipment upon a breach, the contract renders mitigation impossible and thereby leaves Defendants stuck with all unpaid rent payments. Second, Plaintiff is reimbursed for capital depreciation only in the event of breach. Given that contracts are ordinarily written with the expectation of complete performance, it would be very surprising if Plaintiff had not also accounted for capital depreciation in the rent payments. Damages comprising an independent sum for capital depreciation *and* future rent payments would impermissibly "double-dip."

12

More troubling, however, is the duplicative nature of the liquidated damages provision and the provision imposing damages for unpaid rent. On the one hand, Plaintiff demands rent payments stretching into the future after the moment of breach. On the other hand, Plaintiff (by hypothesis) sells the machine at the moment of breach. And not only does Plaintiff get the proceeds of that sale, but Plaintiff also gets an additional amount reflecting the difference between those proceeds and the anticipated sale value at that moment in time. So Plaintiff gets all future rent payments on the Equipment, all proceeds of a sale of the Equipment, and an amount designed to compensate Plaintiff for any drop in the value of the Equipment.

Simply put, this is the very definition of an unconscionable arrangement. Plaintiff simultaneously profits by selling the machine *and* profits by receiving future rent payments on a machine that—by virtue of the contractually mandated sale—it no longer owns. The manifest injustice of this bargain squarely implicates substantive unconscionability and hints at procedural unconscionability in the bargaining process for this contract.

### 3.     Applying the Severability Clause To the Damages Clause

In light of the Court's conclusion that Section 15.1(e) is unconscionable and therefore cannot be enforced, the severability provision is triggered. Accounting for the course of events in this case—including the fact that Plaintiff actually sold the Equipment—and the relevant provisions of the Master Lease, the Court concludes that the appropriate damages provisions to sever are those that authorize unpaid rent payments, property taxes, and late charges. By enriching Plaintiff even after Plaintiff has actually—and, for purposes of the stipulated loss value schedule, by hypothesis—sold the Equipment, these damages are manifestly unjust and therefore void as against public policy. This leaves only the liquidated damages provision, the total dollar figure for which represents the parties' best *ex ante* approximation of the sale value of the

13

Equipment at the point of breach. Here, that figure—and the parties do not dispute this point—is $1,223,993.84. Plaintiff, however, has already received $617,930.00 from a commercially reasonable sale of the Equipment. The Court subtracts this amount from the total damages to which Plaintiff is entitled and awards Plaintiff damages in the total amount of $606,063.84.[5]

## III.   Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED and Defendants' motion for summary judgment is DENIED. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants in the amount of $606,063.84.

The Clerk of Court is directed to close the motions at Dkt. Nos. 47, 54 & 57, and to close this case.

SO ORDERED.

Dated: New York, New York
       March 29, 2013

                                              J. PAUL OETKEN
                                         United States District Judge

---

[5] Defendants argue that the liquidated damages provisions function as an unenforceable penalty clause. Most of these arguments hinge on the duplicative nature of the liquidated damages and other damages. However, the appropriate response is to invalidate the impermissible provisions, not to artificially deem the liquidated damages clause a "penalty"—which it most assuredly is not, since "the amount fixed in the contract must be a reasonable forecast of just compensation for the harm that is caused by the breach" and "the harm that is caused by any breach must be one that is incapable or very difficult of accurate estimation." *See Larson-Hegstrom & Associates, Inc. v. Jeffries*, 145 Ariz. 329, 333 (Ct. App. 1985).

**EXHIBIT 3**

B4 (Official Form4)(12/07)

## UNITED STATES BANKRUPTCY COURT
### Southern District of New York

GEORGE C. SHAPIRO, MD & JEFFREY T.
SHAPIRO, MD, P.C.

In re _____ ,
                                Debtor          Case No. _____

                                                Chapter   _____11_____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

    Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C.§ 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| (1)<br>*Name of creditor and complete mailing address including zip code* | (2)<br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br>*Nature of claim (trade debt, bank loan, government contract, etc.* | (4)<br>*Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | (5)<br>*Amount of claim [if secured also state value of security]* |
|---|---|---|---|---|
| The CIT Group/Equipment Financing, Inc. c/o Lowenstein Sandler LLP 1251 Avenue of The Americas New York, NY 11020 | | Judgment | | 606,063.89 |
| DELTAMNGGRP 2499 RICE ST SUITE 245 SAINT PAUL, MN 55113 | | Trade debt | | 267,339.00 |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver 4.7.2-790 - QDJ8-JJX2******

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | (5)<br><br>*Amount of claim [if secured also state value of security]* |
|---|---|---|---|---|
| Sean R. Callagy, Esq. LLC<br>650 From Road<br>Suite 565<br>Paramus, NJ 07652 | | Trade debt | | 38,226.39 |
| Davies O'Connor<br>550 Mamroneck Ave,<br>Suite 301<br>Harri8son, NY 10528 | | Trade debt | | 29,800.00 |
| Navix Diagnostix<br>P.O. Box 347203<br>Pittsburgh, PA 15251 | | Trade debt | | 18,000.00 |
| Vernon Hills S.C.<br>700 White Plains Road<br>Scarsdale, NY 10583 | | Landlord | | 13,454.75 |
| MBNA<br>P.O. 156796<br>Wilmington, DE19886 | | Bank loan | | 13,016.24 |
| Garfunkle, Wild & Travis PC<br>111 Great Neck Road<br>Great Neck, NY 11021 | | Trade debt | | 9,731.09 |
| Marks, Paneth & Shron, LLP<br>622 Third Avenue<br>New York, NY 10017 | | Trade debt | | 5,000.00 |
| Vistek<br>6491 Powers Ave<br>Jacksonville, FL 32217 | | Trade debt | | 4,494.45 |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - QDBS-JJXZ*******

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | (5)<br><br>*Amount of claim [if secured also state value of security]* |
|---|---|---|---|---|
| United Health/OxFord<br>P.O. Box 1697<br>Newark, NJ 07101 | | Trade debt | | 4,384.00 |
| Mr. Crash Cart<br>154 Cooper Road<br>West Berlin, NJ 08901 | | Trade debt | | 1,292.18 |
| Drews Design<br>32 Cambridge Ave<br>Tuckahoe, NY 10707 | | Trade debt | | 974.49 |
| Logic Medical<br>154 Cooper Road<br>West Berlin, NJ 08901 | | Trade debt | | 305.00 |
| AARC Networking<br>8812 182nd Street<br>Jamaica, NY 11423 | | Trade debt | | 250.00 |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, [the president or other officer or an authorized agent of the corporation] named as debtor in this case, declare under penalty of perjury that I have read the foregoing LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS and that it is true and correct to the best of my information and belief.

Date    06/27/2013

Signature    /s/ JEFFREY T. SHAPIRO, MD

JEFFREY T. SHAPIRO, MD,
Owner

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-790 - QJJ6S-JJX2••••••

**EXHIBIT 4**

**737050**          **2006 Apr 17 PM06:49**

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Diligenz (800)858-5294

B. SEND ACKNOWLEDGMENT TO:    (Name and Address)

Diligenz, Inc.
6500 Harbour Heights Pkwy, Suite 400
Mukilteo, WA 98275, USA
NYFilings@Diligenz.com
[Fax](800)345-6059

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME  **GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.**

OR

| 1b. INDIVIDUAL'S LAST NAME | | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|---|

| 1c. MAILING ADDRESS  **700 WHITE PLAINS RD.** | CITY  **SCARSDALE** | STATE **NY** | POSTAL CODE **10583** | COUNTRY **USA** |
|---|---|---|---|---|

| ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION **Corporation** | 1f. JURISDICTION OF ORGANIZATION **NY** | |
|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

OR

| 2b. INDIVIDUAL'S LAST NAME | | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | |
|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME  **VGM Financial Services a Division of TCF Equipment Finance, Inc.**

OR

| 3b. INDIVIDUAL'S LAST NAME | | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|---|

| 3c. MAILING ADDRESS  **1111 W. San Marnan** | CITY  **Waterloo** | STATE **IA** | POSTAL CODE **50701** | COUNTRY **USA** |
|---|---|---|---|---|

4. This FINANCING STATEMENT covers the following collateral:
ANY AND ALL EQUIPMENT,FIXTURES,INVENTORY, GOODS AND SOFTWARE FINANCED BY OR LEASED FROM VGM FINANCIAL SERVICES AND THAT ARE SUBJECT OF AN AGREEMENT BETWEEN DEBTOR AND VGM FINANCIAL SERVICES, OF ANY KIND OR NATURE WHATSOEVER, WHEREVER LOCATED, WHETHER NOW OWNED OR HEREAFTER ACQUIRED, AND ALL RETURNS, REPOSSESSIONS, SUBSTITUTIONS, REPLACEMENT PARTS, ADDITIONS, ACCESSORIES, AND ACCESSIONS THERETO AND THEREOF, AND ALL PROCEEDS THEREOF.

ANY AND ALL OF DEBTOR'S ACCOUNTS, MONEY, GENERAL INTANGIBLES, INSTRUMENTS, DOCUMENTS AND CHATTEL PAPER.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. [ ] This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS   Attach Addendum | [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA  9538/2006040190 []

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

# Filing Number-200604175365751

**725371**          **2011 Mar 10 PM05:46**

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
CSC 800-858-5294

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CSC
801 Adlai Stevenson Dr
Springfield, IL 62703, USA
NYFilings@Diligenz.com
(Fax)800-345-6059

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE # 200604175365751 Filedate: 17-APR-06

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. [ ] TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. [X] CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. [ ] ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects [ ] Debtor or [ ] Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

[ ] CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   [ ] DELETE name: Give record name to be deleted in item 6a or 6b.   [ ] ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

6a. ORGANIZATION'S NAME GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.

OR

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

7. CHANGED (NEW) OR ADDED INFORMATION:

7a. ORGANIZATION'S NAME

OR

| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION |
|---|---|---|
| | | |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral [ ] deleted or [ ] added, or give entire [ ] restated collateral description, or describe collateral [ ] assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here [ ] and enter name of DEBTOR authorizing this Amendment.

9a. ORGANIZATION'S NAME  VGM FINANCIAL SERVICES A DIVISION OF TCF EQUIPMENT FINANCE, INC.

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

10. OPTIONAL FILER REFERENCE DATA 9538/2006040190 [56605808]

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

**Filing Number-201103105252959**

I 0 2 7 0 0          2013 FEB 12  AM 9:00

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
**DINA AXAMIDIS / AVP LOAN ADMINISTRATION**

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

**FIRST CENTRAL SAVINGS BANK**
**70 GLEN STREET**
**GLEN COVE, NY 11542**
**TELEPHONE #: (516)609-3600**
**FAX #:(516)609-3638**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME
**GEORGE C SHAPIRO, MD & JEFFREY T SHAPIRO, MD., PC**

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **700 WHITE PLAINS RD** | **SCARSDALE** | **NY** | **10583** | **USA** |

| ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION **LTD PTN** | 1f. JURISDICTION OF ORGANIZATION **NEW YORK** | |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME
**FIRST CENTRAL SAVINGS BANK**

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **70 GLEN STREET** | **GLEN COVE** | **NY** | **11542** | **USA** |

4. This FINANCING STATEMENT covers the following collateral:

**SEE SCHEDULE 'A' ANNEXED HERETO AND MADE A PART HEREOF.**

5. ALTERNATIVE DESIGNATION [if applicable]:  LESSEE/LESSOR   CONSIGNEE/CONSIGNOR   BAILEE/BAILOR   SELLER/BUYER   AG. LIEN   NON-UCC FILING

6. ☑ THIS FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum [if applicable]   7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional]   All Debtors   Debtor 1   Debtor 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

## FILING NUMBER: 201302120078962

SCHEDULE A
The Collateral

I 0 2 7 0 0          2013 FEB 12 AM 9:00

Debtor/Obligor:    **GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, PC**

Secured Party/Bank: **FIRST CENTRAL SAVINGS BANK - 7853**

All property of the following types, wherever located and whether now owned or hereafter owned or acquired by Debtor, or now existing or hereafter arising, whether or not affixed to realty, and all proceeds and products thereof in any form, in all part, accessories, attachments, special tools, additions, replacements, substitutions and accessions thereto or therefore, and all increases or profits received therefrom:

(a) All Debtor's inventory (including without limitation all goods, merchandise, raw materials, goods in process, finished goods, findings or component materials, and all supplies, incidentals, office supplies, packaging materials, and any and all goods or items used or consumed in the operation of the business of Debtor or which contribute to the finished products or to the sale, promotion, and shipment thereof, without exception) now owned or hereafter acquired by Debtor and held for any purpose including, without limitation, sale, lease, or resale or furnished or to be furnished under contracts of service, or used or consumed in Debtor's business.

(b) All Debtor's accounts, accounts receivable, notes, drafts, acceptances, instruments, chattel paper, documents and general intangibles now owned by Debtor, as well as any and all thereof that may be hereafter acquired or owned by Debtor, and in and to all the proceeds and products thereof, and in and to all returned or repossessed goods arising from, or relating to, any such collateral. The terms "accounts," "notes," "drafts," "acceptances," "instruments," and "chattel paper" as used herein shall include not only such thereof as arise out of the sale or other disposition at any time and from time to time of inventory, but also such as arise out of or for furnishing services, or the furnishing of, or the furnishing of the use of, or the lease of, any goods, or arising out of any other transaction giving rise to an enforceable obligation to make payment in money or in goods.

(c) All documents of title evidencing any part of said inventory, accounts, notes, drafts, acceptances, instruments, chattel paper and general intangibles, all returned or repossessed goods arising from or relating to any accounts, or other sale or disposition of inventory.

(d) All Debtor's equipment, fixtures, vehicles and all other goods, whether now owned or hereafter acquired, including, without limitation, all parts thereof and spare parts, and goods in the process of manufacture or repair.

(e) Other (without limiting the general nature of the above descriptions): All right, title and interest of Debtor in and to (i) all leases, subleases and other agreements in which Debtor is a landlord or lessor affecting the use or occupancy of the premises commonly known as (Business address) 700 WHITE PLAINS ROAD, SCARSDALE, NY 10583- (the "Premises") now or hereafter entered into, (ii) all rents, issues and profits arising out of Debtor's right to occupy the Premises, (iii) all awards or payments, including interest thereon, which may be made with respect to Debtor's right to occupy the Premises, whether from the exercise of the right of eminent domain (including any transfer made in lieu of the exercise of said rights) or for any other injury to or decrease in the value of the Premises and (iv) all proceeds of any and all unearned premiums on any insurance policy covering Debtor's interest in the Premises.

-11-

102698      2013 FEB 12  AM 9:00

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
**DINA AXAMIDIS / AVP LOAN ADMINISTRATION**

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

> **FIRST CENTRAL SAVINGS BANK**
> **70 GLEN STREET**
> **GLEN COVE, NY 11542**
> **TELEPHONE #: (516)609-3600**
> **FAX #:(516)609-3638**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME
**GEORGE C SHAPIRO, MD & JEFFREY T SHAPIRO, MD., PC**

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **700 WHITE PLAINS RD** | **SCARSDALE** | **NY** | **10583** | **USA** |

1d. TYPE OF ORGANIZATION **LTD PTN** | 1f. JURISDICTION OF ORGANIZATION **NEW YORK**

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME
**FIRST CENTRAL SAVINGS BANK**

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **70 GLEN STREET** | **GLEN COVE** | **NY** | **11542** | **USA** |

4. This FINANCING STATEMENT covers the following collateral:

**SEE SCHEDULE 'A' ANNEXED HERETO AND MADE A PART HEREOF.**

5. ALTERNATIVE DESIGNATION [if applicable]:  LESSEE/LESSOR  CONSIGNEE/CONSIGNOR  BAILEE/BAILOR  SELLER/BUYER  AG. LIEN  NON-UCC FILING

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

## FILING NUMBER:  201302120078924

<u>SCHEDULE A</u>
<u>The Collateral</u>   102698   2013 FEB 12  AM 9: 00

Debtor/Obligor:     **GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, PC**

Secured Party/Bank: **FIRST CENTRAL SAVINGS BANK - 4389**

     All property of the following types, wherever located and whether now owned or hereafter owned or acquired by Debtor, or now existing or hereafter arising, whether or not affixed to realty, and all proceeds and products thereof in any form, in all part, accessories, attachments, special tools, additions, replacements, substitutions and accessions thereto or therefore, and all increases or profits received therefrom:

     (a) All Debtor's inventory (including without limitation all goods, merchandise, raw materials, goods in process, finished goods, findings or component materials, and all supplies, incidentals, office supplies, packaging materials, and any and all goods or items used or consumed in the operation of the business of Debtor or which contribute to the finished products or to the sale, promotion, and shipment thereof, without exception) now owned or hereafter acquired by Debtor and held for any purpose including, without limitation, sale, lease, or resale or furnished or to be furnished under contracts of service, or used or consumed in Debtor's business.

     (b) All Debtor's accounts, accounts receivable, notes, drafts, acceptances, instruments, chattel paper, documents and general intangibles now owned by Debtor, as well as any and all thereof that may be hereafter acquired or owned by Debtor, and in and to all the proceeds and products thereof, and in and to all returned or repossessed goods arising from, or relating to, any such collateral. The terms "accounts," "notes," "drafts," "acceptances," "instruments," and "chattel paper" as used herein shall include not only such thereof as arise out of the sale or other disposition at any time and from time to time of inventory, but also such as arise out of or for furnishing services, or the furnishing of, or the furnishing of the use of, or the lease of, any goods, or arising out of any other transaction giving rise to an enforceable obligation to make payment in money or in goods.

     (c) All documents of title evidencing any part of said inventory, accounts, notes, drafts, acceptances, instruments, chattel paper and general intangibles, all returned or repossessed goods arising from or relating to any accounts, or other sale or disposition of inventory.

     (d) All Debtor's equipment, fixtures, vehicles and all other goods, whether now owned or hereafter acquired, including, without limitation, all parts thereof and spare parts, and goods in the process of manufacture or repair.

     (e) Other (without limiting the general nature of the above descriptions): All right, title and interest of Debtor in and to (i) all leases, subleases and other agreements in which Debtor is a landlord or lessor affecting the use or occupancy of the premises commonly known as (Business address) 700 WHITE PLAINS ROAD, SCARSDALE, NY 10583- (the "Premises") now or hereafter entered into, (ii) all rents, issues and profits arising out of Debtor's right to occupy the Premises, (iii) all awards or payments, including interest thereon, which may be made with respect to Debtor's right to occupy the Premises, whether from the exercise of the right of eminent domain (including any transfer made in lieu of the exercise of said rights) or for any other injury to or decrease in the value of the Premises and (iv) all proceeds of any and all unearned premiums on any insurance policy covering Debtor's interest in the Premises.

-11-

**EXHIBIT 5**

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Southern District of New York

GEORGE C. SHAPIRO, MD & JEFFREY T. SHAPIRO, MD, P.C.

In re _____

Debtor

Case No. _____

Chapter ___11_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

|  |  | AMOUNTS SCHEDULED | | |
| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
| --- | --- | --- | --- | --- | --- |
| A – Real Property | YES | 1 | $ 0.00 | | |
| B – Personal Property | YES | 4 | $ 989,261.79 | | |
| C – Property Claimed as exempt | YES | 1 | | | |
| D – Creditors Holding Secured Claims | YES | 2 | | $ 390,488.28 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $ 1,007,947.48 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | 0 | | | $ 0.00 |
| J - Current Expenditures of Individual Debtors(s) | NO | 0 | | | $ 0.00 |
| TOTAL | | 16 | $ 989,261.79 | $ 1,398,435.76 | |

**EXHIBIT 6**

# Monthly Budget

| EXPENSE | | | | |
|---|---|---|---|---|
| RENT | $ | 13,177.00 | | |
| PHONE | $ | 750.00 | | |
| ANS SERV | $ | 330.00 | | |
| AUTO | $ | 2,225.00 | | |
| MEADLLIE | $ | 1,863.00 | | |
| GATEWAY | $ | 330.00 | | |
| POLAND SPRING | $ | 100.00 | | |
| OFFICE SUPPLIES | $ | 400.00 | | |
| MEDICAL  SUPPLIES | $ | 1,000.00 | | |
| EZ PASS | $ | 200.00 | | |
| CELL | $ | 500.00 | | |
| WASTE PICK UP | $ | 144.00 | | |
| SHRED IT | $ | 50.00 | | |
| BANK AMERICA | $ | 1,500.00 | | |
| TRAVELERS | $ | 625.00 | | |
| BANK CHARGES | $ | 150.00 | | |
| ACCT | $ | 1,200.00 | | |
| INS AUTO | $ | 300.00 | AUTO | |
| INS WC | $ | 526.00 | WORKERS COMP | |
| INS GL | $ | 243.00 | LIABILITY | |
| INS MP GS | $ | 2,125.00 | MALPRACTICE | |
| INS MP LUFRANO | $ | 1,000.00 | MALPRQACTICE | |
| HEALTH | $ | 4,384.00 | HEALTH INSURANCE | |
| UPS | $ | 200.00 | | |
| POSTAG | $ | 250.00 | | |
| COMPUTER | $ | 250.00 | | |
| KATIE STRESS ECHO | $ | 800.00 | | |
| **FCBANK LOANS** | $ | 8,000.00 | *Secured Creditor* | |
| GLADSTONE | $ | 1,500.00 | | |
| CREDIT CARD FEES | $ | 325.00 | | |
| NAVIX | $ | 4,000.00 | | |
| **VGM** | $ | 6,250.00 | *Secured Creditor* | |
| MT. SINAI | $ | 5,000.00 | | |
| *Office Expenses* | | | $ | 59,697.00 |
| | | | | |
| | | | | |
| PAYROLL | $ | 55,500.00 | | |
| DR LUFRANO | $ | 16,000.00 | | |
| TAX EXP | $ | 8,500.00 | | |
| *Payroll Expense* | | | $ | 80,000.00 |
| | | | | |
| | | | | |
| GEORGE SHAPIRO | $ | 34,666.00 | | |
| JEFF SHAPIRO | $ | 34,666.00 | | |
| *Officer Compensation* | | | $ | 69,332.00 |
| | | | | |
| *TOTAL EXPENSE* | | | $ | 209,029.00 |

9:27 AM
06/28/13
Cash Basis

# George Shapiro M.D. & Jeffrey Shapiro, M.D., P.C.
## Profit & Loss
### January 1 through June 28, 2013

|  | Jan 1 - Jun 28, 13 |
|---|---|
| **Ordinary Income/Expense** |  |
| **Income** |  |
| **4000 . Fees** |  |
| 4071 · ELECTRONIC DEPOSITS | 711,757.82 |
| 4080 · Echo Read Fees | 15,170.00 |
| 4070 . New System | 385,892.29 |
| 4090 . Daily Income | 34,768.07 |
| 5320 . Patient Refunds | -5,426.45 |
| 4040 · Credit Card | 43,292.31 |
| **Total 4000 . Fees** | 1,185,454.04 |
| **Total Income** | 1,185,454.04 |
| **Cost of Goods Sold** |  |
| 50000 · Cost of Goods Sold | -6,000.00 |
| **Total COGS** | -6,000.00 |
| **Gross Profit** | 1,191,454.04 |
| **Expense** |  |
| 5000.Accounting | 6,900.00 |
| 5030 . Automobile Expenses | 23,004.61 |
| 5040 . Bank Service Charges | 2,143.17 |
| 5065 . Computer Expenses | 5,984.43 |
| 5070 . Education and Seminars | 3,827.72 |
| 5080 . Contributions | 350.00 |
| 5130 . Dues and Subscriptions | 2,250.00 |
| 5210 . Interest Expense | 19,552.99 |
| 5240 . Licenses and Permits | 1,612.00 |
| 5300 . Miscellaneous | 16,506.20 |
| 5400 . Rent | 100,957.83 |
| **5450 . Net Payroll** |  |
| 5452 · Payroll Exchange | 0.00 |
| 5450 . Net Payroll - Other | 36,933.85 |
| **Total 5450 . Net Payroll** | 36,933.85 |
| 5640 . Telephone | 11,572.81 |
| **6000 . Payroll - Gross** |  |
| 5454 · Billing | 26,600.00 |
| 5440 . Officers Payroll | 177,500.00 |
| 5455 . Payroll - Office Staff | 39,209.03 |
| 5450 · Payroll Nursing | 28,866.10 |
| 5455 · Tech | 31,904.86 |
| 5456 · Accounting | 36,000.00 |
| 5458 · Office Cleaning | 1,530.00 |
| 5460 · Nurse Practitioner | 37,191.13 |
| 5465 · Staff Physicians | 28,678.19 |
| **Total 6000 . Payroll - Gross** | 407,479.31 |
| **6200 . Insurance** |  |
| 5047 · Health Insurance- Officers | 19,102.36 |
| 5052 · auto Insurance | 4,349.00 |
| 5044 . Work Comp | 4,914.05 |

9:27 AM
06/28/13
Cash Basis

# George Shapiro M.D. & Jeffrey Shapiro, M.D., P.C.
## Profit & Loss
### January 1 through June 28, 2013

|  | Jan 1 - Jun 28, 13 |
|---|---|
| 5045 . Malpractice Insurance | 24,036.00 |
| 5046 . Hospitalization | 5,104.82 |
| 5049 . Liability Insurance | 2,188.98 |
| **Total 6200 . Insurance** | **59,695.21** |
| 6280 . Office Expenses | |
| BILLING PROGRAM | 12,066.41 |
| 5270 . Messenger Service | 106.45 |
| 5280 . Office Expense | |
| 5290 . Office Supplies | 575.96 |
| 5280 . Office Expense - Other | 2,981.09 |
| **Total 5280 . Office Expense** | **3,557.05** |
| 5310 . Payroll Service | 2,489.04 |
| 5340 . Postage | |
| 5341 · Express Mail Delivery | 892.60 |
| 5340 . Postage - Other | 877.65 |
| **Total 5340 . Postage** | **1,770.25** |
| 6280 . Office Expenses - Other | 2,315.90 |
| **Total 6280 . Office Expenses** | **22,305.10** |
| 6410 . Equipment Rental | |
| 5410 . Rental - General | 12,000.00 |
| 5413 . Rental - Echo | 6,250.00 |
| **Total 6410 . Equipment Rental** | **18,250.00** |
| 6420 . Repairs and Maintenance | |
| 5421 · office repairs | 3,132.64 |
| 5060 . Cleaning | 250.18 |
| 5420 . Repairs | 16,943.13 |
| 5650 . Trash Removal | 495.34 |
| 5651 . Trash - Health Waste | 285.82 |
| 6420 . Repairs and Maintenance - Other | 2,864.54 |
| **Total 6420 . Repairs and Maintenance** | **23,971.65** |
| 6500 . Supplies | |
| 5500 . Supplies - General | 14,901.21 |
| 5505 . Supplies - X-Ray | -1,250.00 |
| **Total 6500 . Supplies** | **13,651.21** |
| 6640 . Professional Fees | |
| 5084 · VASCULAR STUDIES | 8,000.00 |
| 5003 · EMG's | 1,400.00 |
| 5002 · Stress Echo | 3,831.72 |
| 5086 · Managerial Consultant | 23,300.00 |
| 5085 . Consulting | 2,685.07 |
| 5230 . Legal Fees | 19,294.75 |
| **Total 6640 . Professional Fees** | **58,511.54** |
| 6820 . Taxes | |
| 5510 . FICA Expense | 31,540.37 |
| 5530 . NYS Unemployment Ins | 11,804.27 |

**Page 2**

# George Shapiro M.D. & Jeffrey Shapiro, M.D., P.C.
## Profit & Loss
### January 1 through June 28, 2013

|  | Jan 1 - Jun 28, 13 |
|---|---:|
| 5550 . Federal Unemployment Ins | 671.00 |
| 5570 . NYS Corporation Tax | 1,000.00 |
| 5590 . Real Estate Taxes | 1,896.88 |
| **Total 6820 . Taxes** | 46,912.52 |
| 5042 · Credit card fees | 1,277.06 |
| **Total Expense** | 883,649.21 |
| **Net Ordinary Income** | 307,804.83 |
| Other Income/Expense | |
| Other Income | |
| 4500 . Other Income | |
| 4520 . Incentive Fees | 186.12 |
| 4550 · Medical Records Release | 2,114.25 |
| 4551 · Interest Income | 0.08 |
| **Total 4500 . Other Income** | 2,300.45 |
| **Total Other Income** | 2,300.45 |
| **Net Other Income** | 2,300.45 |
| **Net Income** | **310,105.28** |

**EXHIBIT 7**

# 2012 TAX RETURN FILING INSTRUCTIONS

## U.S. INCOME TAX RETURN FOR AN S CORPORATION

**FOR THE YEAR ENDING**

DECEMBER 31, 2012

**CLIENT COPY**

| | |
|---|---|
| **Prepared for** | GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,PC<br>700 WHITE PLAINS ROAD<br>SCARSDALE, NY  10583 |
| **Prepared by** | O'CONNOR DAVIES, LLP<br>500 MAMARONECK AVENUE<br>HARRISON, NY 10528-1633 |
| **To be signed and dated by** | THE APPROPRIATE CORPORATE OFFICER(S). |
| **Amount of tax** | Total tax $ 0<br>Less: payments and credits $ 0<br>Plus: other amount $ 0<br>Plus: interest and penalties $ 0<br>NO PMT REQUIRED $ |
| **Overpayment** | Credited to your estimated tax $ 0<br>Other amount $ 0<br>Refunded to you $ 0 |
| **Make check payable to** | NOT APPLICABLE |
| **Mail tax return and check (if applicable) to** | THIS RETURN HAS BEEN PREPARED FOR ELECTRONIC FILING.  TO HAVE IT TRANSMITTED ELECTRONICALLY TO THE IRS, PLEASE SIGN, DATE, AND RETURN FORM 8879-S TO OUR OFFICE.  WE WILL THEN SUBMIT YOUR ELECTRONIC RETURN. |
| **Return must be mailed on or before** | RETURN FEDERAL FORM 8879-S TO US BY MARCH 15, 2013. |
| **Special Instructions** | ENCLOSED ARE COPIES OF SCHEDULE K-1 TO BE DISTRIBUTED TO THE SHAREHOLDERS. |

200084 05-01-12

Form **8879-S**

**IRS e-file Signature Authorization for Form 1120S**

OMB No. 1545-1863

▶ Do not send to the IRS. Keep for your records.

▶ Information about Form 8879-S and its instructions is at *www.irs.gov/form1120s.*

**2012**

Department of the Treasury
Internal Revenue Service

For calendar year 2012, or tax year beginning _____ , 2012, ending _____ , 20 ___

Name of corporation

GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,PC

Employer identification number

13-3783251

| Part I | Tax Return Information  (Whole dollars only) | | |
|---|---|---|---|
| 1 | Gross receipts or sales less returns and allowances (Form 1120S, line 1c) | 1 | 2,113,230. |
| 2 | Gross profit (Form 1120S, line 3) | 2 | 2,113,230. |
| 3 | Ordinary business income (loss) (Form 1120S, line 21) | 3 | 573,578. |
| 4 | Net rental real estate income (loss) (Form 1120S, Schedule K, line 2) | 4 | |
| 5 | Income (loss) reconciliation (Form 1120S, Schedule K, line 18) | 5 | 539,896. |

| Part II | Declaration and Signature Authorization of Officer (Be sure to get a copy of the corporation's return) |
|---|---|

Under penalties of perjury, I declare that I am an officer of the above corporation and that I have examined a copy of the corporation's 2012 electronic income tax return and accompanying schedules and statements and to the best of my knowledge and belief, it is true, correct, and complete. I further declare that the amounts in Part I above are the amounts shown on the copy of the corporation's electronic income tax return. I consent to allow my electronic return originator (ERO), transmitter, or intermediate service provider to send the corporation's return to the IRS and to receive from the IRS (a) an acknowledgement of receipt or reason for rejection of the transmission, (b) the reason for any delay in processing the return or refund, and (c) the date of any refund. If applicable, I authorize the U.S. Treasury and its designated Financial Agent to initiate an electronic funds withdrawal (direct debit) entry to the financial institution account indicated in the tax preparation software for payment of the corporation's federal taxes owed on this return, and the financial institution to debit the entry to this account. To revoke a payment, I must contact the U.S. Treasury Financial Agent at 1-888-353-4537 no later than 2 business days prior to the payment (settlement) date. I also authorize the financial institutions involved in the processing of the electronic payment of taxes to receive confidential information necessary to answer inquiries and resolve issues related to the payment. I have selected a personal identification number (PIN) as my signature for the corporation's electronic income tax return and, if applicable, the corporation's consent to electronic funds withdrawal.

Officer's PIN: check one box only

[X] I authorize O'CONNOR DAVIES, LLP to enter my PIN 83252

ERO firm name / do not enter all zeros

as my signature on the corporation's 2012 electronically filed income tax return.

[ ] As an officer of the corporation, I will enter my PIN as my signature on the corporation's 2012 electronically filed income tax return.

Officer's signature ▶ _____   Date ▶ _____   Title ▶ PRESIDENT

| Part III | Certification and Authentication |
|---|---|

ERO's EFIN/PIN. Enter your six-digit EFIN followed by your five-digit self-selected PIN.  13483918842

do not enter all zeros

I certify that the above numeric entry is my PIN, which is my signature on the 2012 electronically filed income tax return for the corporation indicated above. I confirm that I am submitting this return in accordance with the requirements of Pub. 3112, IRS e-file Application and Participation, and Pub. 4163, Modernized e-File (MeF) Information for Authorized IRS e-file Providers for Business Returns.

ERO's signature ▶ _____   Date ▶ _____

**ERO Must Retain This Form - See Instructions
Do Not Submit This Form to the IRS Unless Requested To Do So**

For Paperwork Reduction Act Notice, see instructions.
LHA

Form **8879-S** (2012)

210201
11-05-12

Form **1120S**

## U.S. Income Tax Return for an S Corporation

OMB No. 1545-0130

▶ Do not file this form unless the corporation has filed or is
attaching Form 2553 to elect to be an S corporation.

▶ Information about Form 1120S and its separate instructions is at www.irs.gov/form1120s.

Department of the Treasury
Internal Revenue Service

**2012**

For calendar year 2012 or tax year beginning _____, and ending _____

| | | |
|---|---|---|
| **A** S election effective date<br>01/01/1995 | **Name**<br>GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS, PC | **D** Employer identification number<br>13-3783251 |
| **B** Business activity code number (see instructions)<br>621111 | **TYPE OR PRINT** | Number, street, and room or suite no. If a P.O. box, see instructions.<br>700 WHITE PLAINS ROAD | **E** Date incorporated<br>01/01/1995 |
| **C** Check if Sch. M-3 attached ☐ | | City or town, state, and ZIP code<br>SCARSDALE, NY  10583 | **F** Total assets (see instructions)<br>$ 292,175. |

**G** Is the corporation electing to be an S corporation beginning with this tax year? ☐ Yes ☒ No   If "Yes," attach Form 2553 if not already filed

**H** Check if: **(1)** ☐ Final return **(2)** ☐ Name change **(3)** ☐ Address change **(4)** ☐ Amended return **(5)** ☐ S election termination or revocation

**I** Enter the number of shareholders who were shareholders during any part of the tax year ....... ▶ 2

**Caution:** Include only trade or business income and expenses on lines 1a through 21. See the instructions for more information.

| | | | | |
|---|---|---|---|---|
| **Income** | **1 a** Gross receipts or sales | 2,113,230. | **b** Return and allowances | **c** Bal. Subtract line 1b from line 1a ... ▶ | **1c** | 2,113,230. |
| | **2** Cost of goods sold (attach Form 1125-A) | | **2** | |
| | **3** Gross profit. Subtract line 2 from line 1c | | **3** | 2,113,230. |
| | **4** Net gain (loss) from Form 4797, line 17 (attach Form 4797) | | **4** | |
| | **5** Other income (loss) (attach statement) STATEMENT 1 | | **5** | 10,090. |
| | **6** Total income (loss). Add lines 3 through 5 ▶ | | **6** | 2,123,320. |

| | | | |
|---|---|---|---|
| **Deductions (See instructions for limitations)** | **7** Compensation of officers STATEMENT 2 | **7** | 353,426. |
| | **8** Salaries and wages (less employment credits) | **8** | 478,618. |
| | **9** Repairs and maintenance | **9** | 6,175. |
| | **10** Bad debts | **10** | |
| | **11** Rents | **11** | 150,321. |
| | **12** Taxes and licenses STATEMENT 3 | **12** | 81,135. |
| | **13** Interest | **13** | 58,051. |
| | **14** Depreciation not claimed on Form 1125-A or elsewhere on return (attach Form 4562) | **14** | 4,865. |
| | **15** Depletion (Do not deduct oil and gas depletion.) | **15** | |
| | **16** Advertising | **16** | 1,380. |
| | **17** Pension, profit-sharing, etc., plans | **17** | |
| | **18** Employee benefit programs | **18** | |
| | **19** Other deductions (attach statement) STATEMENT 4 | **19** | 415,771. |
| | **20** Total deductions. Add lines 7 through 19 ▶ | **20** | 1,549,742. |
| | **21** Ordinary business income (loss). Subtract line 20 from line 6 | **21** | 573,578. |

| | | | |
|---|---|---|---|
| **Tax and Payments** | **22 a** Excess net passive income or LIFO recapture tax (see instructions) | **22a** | |
| | **b** Tax from Schedule D (Form 1120S) | **22b** | |
| | **c** Add lines 22a and 22b | | **22c** | |
| | **23 a** 2012 estimated tax payments and 2011 overpayment credited to 2012 | **23a** | |
| | **b** Tax deposited with Form 7004 | **23b** | |
| | **c** Credit for federal tax paid on fuels (attach Form 4136) | **23c** | |
| | **d** Add lines 23a through 23c | | **23d** | |
| | **24** Estimated tax penalty (see instructions). Check if Form 2220 is attached ▶ ☐ | **24** | |
| | **25** Amount owed. If line 23d is smaller than the total of lines 22c and 24, enter amount owed | **25** | |
| | **26** Overpayment. If line 23d is larger than the total of lines 22c and 24, enter amount overpaid | **26** | |
| | **27** Enter amount from line 26 Credited to 2013 estimated tax ▶ _____ Refunded ▶ | **27** | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ _____ Signature of officer   Date

▶ PRESIDENT   Title

May the IRS discuss this return with the preparer shown below (see instr.)? ☒ Yes ☐ No

**Paid Preparer Use Only**

| | | | | |
|---|---|---|---|---|
| Print/Type preparer's name<br>LUCILLE MURRAY | Preparer's signature<br>LUCILLE MURRAY | Date | Check ☐ if self-employed | PTIN<br>P00176959 |
| Firm's name ▶ O'CONNOR DAVIES, LLP | | | Firm's EIN ▶ 27-1728945 | |
| Firm's address ▶ 500 MAMARONECK AVENUE<br>HARRISON, NY 10528-1633 | | | Phone no.<br>914-381-8900 | |

JWA
211701
01-02-13

**For Paperwork Reduction Act Notice, see separate instructions.**

Form **1120S** (2012)

Form 1120S (2012)   **GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,PC**   13-3783251   Page **2**

| **Schedule B** | **Other Information** (see instructions) | | | | Yes | No |
|---|---|---|---|---|---|---|

1 Check accounting method:   (a) [X] Cash   (b) [ ] Accrual   (c) [ ] Other (specify) ▶ _____

2 See the instructions and enter the:

(a) Business activity ▶ _____   (b) Product or service ▶ _____

3 At any time during the tax year, was any shareholder in the corporation a disregarded entity, a trust, an estate, or a
nominee or similar person? ............................................................................................................ | X (No)

4 At the end of the tax year, did the corporation:

a Own directly 20% or more, or own, directly or indirectly, 50% or more of the total stock issued and outstanding of any
foreign or domestic corporation? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below. | X (No)

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of incorporation | (iv) Percentage of Voting Stock Owned | (v) If Percentage in (iv) is 100%, Enter the Date (if any) a Qualified Subchapter S Subsidiary Election Was Made |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

b Own directly an interest of 20% or more, or own directly or indirectly an interest of 50% or more in the profit, loss, or
capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a
trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below. | X (No)

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

5a At the end of the tax year, did the corporation have any outstanding shares of restricted stock? ......................... | X (No)

If "yes" complete lines (i) and (ii) below

(i) Total shares of restricted stock                                             ▶ _____

(ii) Total shares of non-restricted stock                                        ▶ _____

b At the end of the tax year, did the corporation have any outstanding stock options, warrants, or similar instruments? ...... | X (No)

If "yes" complete lines (i) and (ii) below

(i) Total shares of stock outstanding at the end of the tax year                 ▶ _____

(ii) Total shares of stock outstanding if all instruments were executed          ▶ _____

6 Has this corporation filed, or is it required to file, **Form 8918**, Material Advisor Disclosure Statement, to provide info. on any reportable transaction? ... | X (No)

7 Check this box if the corporation issued publicly offered debt instruments with original issue discount .................. ▶ [ ]

If checked, the corporation may have to file **Form 8281**, Information Return for Publicly Offered Original Issue Discount Instruments.

8 If the corporation: (a) was a C corporation before it elected to be an S corporation or the corporation acquired an asset
with a basis determined by reference to the basis of the asset (or the basis of any other property) in the hands of a C
corporation **and (b)** has net unrealized built-in gain in excess of the net recognized built-in gain from prior years, enter
the net unrealized built-in gain reduced by net recognized built-in gain from prior years .................... ▶ $ _____

9 Enter the accumulated earnings and profits of the corporation at the end of the tax year ............ ▶ $ _____

10 Does the corporation satisfy **both** of the following conditions?

a The corporation's total receipts (see instructions) for the tax year were less than $250,000 ...................................

b The corporation's total assets at the end of the tax year were less than $250,000 ................................................ | X (No)

If "Yes," the corporation is not required to complete Schedules L and M-1

11 During the tax year, did the corporation have any non-shareholder debt that was cancelled, was forgiven, or had the
terms modified so as to reduce the principal amount of the debt? .................................................................... | X (No)

If "Yes," enter the amount of principal reduction                                 $ _____

12 During the tax year, was a qualified subchapter S subsidiary election terminated or revoked? If "Yes," see instructions ............ | X (No)

13a Did the corporation make any payments in 2012 that would require it to file Form(s) 1099 (see instructions)? ............ | X (Yes) |

b If "Yes," did the corporation file or will it file all required Forms 1099? ............................................................. | X (Yes) |

Form **1120S** (2012)

211711
02-14-13   JWA

2

Form 1120S (2012)    **GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,PC**    13-3783251   Page **3**

| Schedule K | Shareholders' Pro Rata Share Items | | Total amount |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | **1** Ordinary business income (loss) (page 1, line 21) | **1** | 573,578. |
| | **2** Net rental real estate income (loss) (attach Form 8825) | **2** | |
| | **3a** Other gross rental income (loss) ... 3a | | |
| | **b** Expenses from other rental activities (attach statement) ... 3b | | |
| | **c** Other net rental income (loss). Subtract line 3b from line 3a | **3c** | |
| Income (Loss) | **4** Interest income | **4** | |
| | **5** Dividends: **a** Ordinary dividends | **5a** | |
| | **b** Qualified dividends ... 5b | | |
| | **6** Royalties | **6** | |
| | **7** Net short-term capital gain (loss) (attach Schedule D (Form 1120S)) | **7** | |
| | **8a** Net long-term capital gain (loss) (attach Schedule D (Form 1120S)) | **8a** | |
| | **b** Collectibles (28%) gain (loss) ... 8b | | |
| | **c** Unrecaptured section 1250 gain (attach statement) ... 8c | | |
| | **9** Net section 1231 gain (loss) (attach Form 4797) | **9** | |
| | **10** Other income (loss) (see instructions) Type ▶ | **10** | |
| Deductions | **11** Section 179 deduction (attach Form 4562) | **11** | |
| | **12a** Charitable contributions   STATEMENT 6 | **12a** | 2,150. |
| | **b** Investment interest expense | **12b** | |
| | **c** Section 59(e)(2) expenditures (1) Type ▶ | | |
| | **(2)** Amount ▶ | **12c(2)** | |
| | **d** Other deductions (see instructions) Type ▶   STATEMENT 5 | **12d** | 31,532. |
| Credits | **13a** Low-income housing credit (section 42(j)(5)) | **13a** | |
| | **b** Low-income housing credit (other) | **13b** | |
| | **c** Qualified rehabilitation expenditures (rental real estate) (attach Form 3468) | **13c** | |
| | **d** Other rental real estate credits (see instructions) Type ▶ | **13d** | |
| | **e** Other rental credits (see instructions) Type ▶ | **13e** | |
| | **f** Alcohol and cellulosic biofuel fuels credit (attach Form 6478) | **13f** | |
| | **g** Other credits (see instructions) Type ▶ | **13g** | |
| Foreign Transactions | **14a** Name of country or U.S. possession ▶ | | |
| | **b** Gross income from all sources | **14b** | |
| | **c** Gross income sourced at shareholder level | **14c** | |
| | Foreign gross income sourced at corporate level | | |
| | **d** Passive category | **14d** | |
| | **e** General category | **14e** | |
| | **f** Other (attach statement ) | **14f** | |
| | Deductions allocated and apportioned at shareholder level | | |
| | **g** Interest expense | **14g** | |
| | **h** Other | **14h** | |
| | Deductions allocated and apportioned at corporate level to foreign source income | | |
| | **i** Passive category | **14i** | |
| | **j** General category | **14j** | |
| | **k** Other (attach statement) | **14k** | |
| | Other information | | |
| | **l** Total foreign taxes (check one): ▶ ☐ Paid ☐ Accrued | **14l** | |
| | **m** Reduction in taxes available for credit (attach statement) | **14m** | |
| | **n** Other foreign tax information (attach statement) | | |
| Alternative Minimum Tax (AMT) Items | **15a** Post-1986 depreciation adjustment | **15a** | 122. |
| | **b** Adjusted gain or loss | **15b** | |
| | **c** Depletion (other than oil and gas) | **15c** | |
| | **d** Oil, gas, and geothermal properties - gross income | **15d** | |
| | **e** Oil, gas, and geothermal properties - deductions | **15e** | |
| | **f** Other AMT items (attach statement) | **15f** | |
| Items Affecting Shareholder Basis | **16a** Tax-exempt interest income | **16a** | |
| | **b** Other tax-exempt income | **16b** | |
| | **c** Nondeductible expenses | **16c** | |
| | **d** Distributions (attach statement if required) | **16d** | 379,727. |
| | **e** Repayment of loans from shareholders | **16e** | |

211721 12-31-12   JWA

3

Form **1120S** (2012)

Form 1120S (2012)   GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,PC   13-3783251   Page 4

| Schedule K | Shareholders' Pro Rata Share Items (continued) | | Total amount |
|---|---|---|---|
| Other Information | 17a Investment income | 17a | |
| | b Investment expenses | 17b | |
| | c Dividend distributions paid from accumulated earnings and profits | 17c | |
| | d Other items and amounts (attach statement) | | |

| Recon- ciliation | 18 Income/loss reconciliation. Combine the amounts on lines 1 through 10 in the far right column. From the result, subtract the sum of the amounts on lines 11 through 12d and 14l | 18 | 539,896. |
|---|---|---|---|

| Schedule L | Balance Sheets per Books | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|
| | Assets | (a) | (b) | (c) | (d) |
| 1 | Cash | | -2. | | -1. |
| 2 a | Trade notes and accounts receivable | | | | |
| b | Less allowance for bad debts | | | | |
| 3 | Inventories | | | | |
| 4 | U.S. government obligations | | | | |
| 5 | Tax-exempt securities | | | | |
| 6 | Other current assets (att. stmt.) | STATEMENT 7 | 130,419. | | 108,249. |
| 7 | Loans to shareholders | | | | |
| 8 | Mortgage and real estate loans | | | | |
| 9 | Other investments (att. stmt.) | | | | |
| 10 a | Buildings and other depreciable assets | 472,180. | | 472,180. | |
| b | Less accumulated depreciation | 428,749. | 43,431. | 433,614. | 38,566. |
| 11 a | Depletable assets | | | | |
| b | Less accumulated depletion | | | | |
| 12 | Land (net of any amortization) | | | | |
| 13 a | Intangible assets (amortizable only) | | | | |
| b | Less accumulated amortization | | | | |
| 14 | Other assets (att. stmt.) | STATEMENT 8 | 149,661. | | 145,361. |
| 15 | Total assets | | 323,509. | | 292,175. |
| | Liabilities and Shareholders' Equity | | | | |
| 16 | Accounts payable | | | | |
| 17 | Mortgages, notes, bonds payable in less than 1 year | | | | |
| 18 | Other current liabilities (att. stmt.) | STATEMENT 9 | 20,988. | | 27,051. |
| 19 | Loans from shareholders | | | | |
| 20 | Mortgages, notes, bonds payable in 1 year or more | | 696,676. | | 444,789. |
| 21 | Other liabilities (att. stmt.) | STATEMENT 10 | 313,149. | | 367,470. |
| 22 | Capital stock | | 3,315. | | 3,315. |
| 23 | Additional paid-in capital | | | | |
| 24 | Retained earnings | STATEMENT 11 | -710,619. | | -550,450. |
| 25 | Adjustments to shareholders' equity (att. stmt.) | | | | |
| 26 | Less cost of treasury stock | | ( ) | | ( ) |
| 27 | Total liabilities and shareholders' equity | | 323,509. | | 292,175. |

JWA

Form 1120S (2012)

211731
12-31-12

4

Form 1120S (2012)   GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,PC   13-3783251   Page 5

| Schedule M-1 | Reconciliation of Income (Loss) per Books With Income (Loss) per Return |
|---|---|

**Note:** Schedule M-3 required instead of Schedule M-1 if total assets are $10 million or more - see instructions

| | | | | |
|---|---|---|---|---|
| 1 Net income (loss) per books | 539,896. | 5 Income recorded on books this year not included on Schedule K, lines 1 through 10 (itemize): | | |
| 2 Income included on Schedule K, lines 1, 2, 3c, 4, 5a, 6, 7, 8a, 9, and 10, not recorded on books this year (itemize): _____ | | a Tax-exempt interest $ _____ | | |
| 3 Expenses recorded on books this year not included on Schedule K, lines 1 through 12 and 14l (itemize): | | 6 Deductions included on Schedule K, lines 1 through 12 and 14l, not charged against book income this year (itemize): | | |
| a Depreciation $ _____ | | a Depreciation $ _____ | | |
| b Travel and entertainment $ _____ | | | | |
| | | 7 Add lines 5 and 6 | | |
| 4 Add lines 1 through 3 | 539,896. | 8 Income (loss) (Schedule K, line 18). Line 4 less line 7 | | 539,896. |

| Schedule M-2 | Analysis of Accumulated Adjustments Account, Other Adjustments Account, and Shareholders' Undistributed Taxable Income Previously Taxed (see instructions) |
|---|---|

| | (a) Accumulated adjustments account | (b) Other adjustments account | (c) Shareholders' undistributed taxable income previously taxed |
|---|---|---|---|
| 1 Balance at beginning of tax year | -710,619. | | |
| 2 Ordinary income from page 1, line 21 | 573,578. | | |
| 3 Other additions | | | |
| 4 Loss from page 1, line 21 | ( ) | | |
| 5 Other reductions   STATEMENT 12 | ( 33,682.) | ( ) | |
| 6 Combine lines 1 through 5 | -170,723. | | |
| 7 Distributions other than dividend distributions | 379,727. | | |
| 8 Balance at end of tax year. Subtract line 7 from line 6 | -550,450. | | |

JWA

Form **1120S** (2012)

211732
12-31-12

5

**2012 DEPRECIATION AND AMORTIZATION REPORT**
**OTHER DEPRECIATION**

OTHER

| Asset No. | Description | Date Acquired | Method | Life | Line No. | Unadjusted Cost Or Basis | Bus % Excl | Reduction In Basis | Basis For Depreciation | Accumulated Depreciation | Current Sec 179 | Current Year Deduction |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | COMPUTERS | 030206 | 200DB | 5.00 | 17 | 10,800. | | 10,800. | | | | 0. |
| 2 | TRAINING EQUIPMENT | 050506 | 200DB | 3.00 | 17 | 3,399. | | 3,399. | | | | 0. |
| 3 | MEDICAL C SCAN LEASEHOLD | 120406 | 200DB | 7.00 | 17 | 20,650. | | 20,650. | | | | 0. |
| 4 | IMPROVEMENTS | 010195 | SL | 39.00 | 17 | 189,728. | | | 189,728. | 146,297. | | 4,865. |
| 5 | MACHINERY & EQUIPMENT | 120799 | 200DB | 7.00 | 17 | 107,741. | | | 107,741. | 107,741. | | 0. |
| 6 | FURNITURE & FIXTURES | 120699 | 200DB | 7.00 | 17 | 86,408. | | | 86,408. | 86,408. | | 0. |
| 7 | ULTRA-SOUND MACHINE | 062311 | 200DB | 5.00 | 17 | 28,454. | | 28,454. | | | | 0. |
| | * TOTAL OTHER DEPRECIATION | | | | | 447,180. | | 63,303. | 383,877. | 340,446. | | 4,865. |

(D) - Asset disposed

* ITC, Section 179, Salvage, Bonus, Commercial Revitalization Deduction

5.1

228102
05-01-12

GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,PC                    13-3783251

---

| FORM 1120S | OTHER INCOME | STATEMENT 1 |
|---|---|---|

| DESCRIPTION | AMOUNT |
|---|---|
| MISCELLANEOUS | 10,090. |
| TOTAL TO FORM 1120S, PAGE 1, LINE 5 | 10,090. |

---

| FORM 1120S | COMPENSATION OF OFFICERS | STATEMENT 2 |
|---|---|---|

| NAME OF OFFICER | SOCIAL SECURITY NUMBER | TIME DEVOTED TO BUSINESS | PCT OF STOCK | AMOUNT OF COMPENSATION |
|---|---|---|---|---|
| GEORGE SHAPIRO | ███-██-4490 | 100% | % | 152,426. |
| JEFFREY SHAPIRO | ███-██-3782 | 100% | % | 201,000. |

| | AMOUNT |
|---|---|
| TOTAL COMPENSATION OF OFFICERS | 353,426. |
| LESS: COMPENSATION CLAIMED ELSEWHERE EMPLOYMENT CREDIT REDUCTION | |
| TOTAL TO FORM 1120S, PAGE 1, LINE 7 | 353,426. |

---

| FORM 1120S | TAXES AND LICENSES | STATEMENT 3 |
|---|---|---|

| DESCRIPTION | AMOUNT |
|---|---|
| OTHER TAXES | 4,157. |
| PAYROLL TAXES | 71,021. |
| REAL ESTATE TAXES | 4,259. |
| NEW YORK TAXES - BASED ON INCOME | 1,698. |
| TOTAL TO FORM 1120S, PAGE 1, LINE 12 | 81,135. |

---

| FORM 1120S | OTHER DEDUCTIONS | STATEMENT 4 |
|---|---|---|

| DESCRIPTION | AMOUNT |
|---|---|
| AUTOMOBILE | 64,131. |
| BANK CHARGES | 4,264. |
| COMPUTER EXPENSES | 17,024. |
| CREDIT CARD FEES | 3,076. |
| DUES AND SUBCRIPTIONS | 4,808. |
| EDUCATION AND SEMINARS | 1,850. |

6                                    STATEMENT(S) 1, 2, 3, 4

| | |
|---|---|
| EQUIPMENT LEASING | 80,130. |
| INSURANCE | 53,808. |
| LICENSES AND PERMITS | 1,075. |
| MISCELLANEOUS | 19,190. |
| OFFICE EXPENSES | 31,901. |
| PROFESSIONAL FEES | 85,011. |
| SUPPLIES | 25,176. |
| TELEPHONE | 24,327. |
| | |
| TOTAL TO FORM 1120S, PAGE 1, LINE 19 | 415,771. |

| SCHEDULE K | OTHER DEDUCTIONS | STATEMENT 5 |
|---|---|---|

| DESCRIPTION | AMOUNT |
|---|---|
| MEDICAL EXPENSES PAID FOR MORE THAN 2% SHAREHOLDERS | 31,532. |
| TOTAL TO SCHEDULE K, LINE 12D | 31,532. |

| SCHEDULE K | CHARITABLE CONTRIBUTIONS | STATEMENT 6 |
|---|---|---|

| DESCRIPTION | NO LIMIT | 50% / 100% LIMIT | 30% LIMIT | 20% LIMIT |
|---|---|---|---|---|
| CONTRIBUTIONS | | 2,150. | | |
| TOTALS TO SCHEDULE K, LINE 12A | | 2,150. | | |

| SCHEDULE L | OTHER CURRENT ASSETS | STATEMENT 7 |
|---|---|---|

| DESCRIPTION | BEGINNING OF TAX YEAR | END OF TAX YEAR |
|---|---|---|
| LOANS RECEIVABLE - SHAREHOLDER-GS | 46,283. | 24,843. |
| LOANS RECEIVABLE - SHAREHOLDER-JS | 84,136. | 83,406. |
| TOTAL TO SCHEDULE L, LINE 6 | 130,419. | 108,249. |

| SCHEDULE L | OTHER ASSETS | | STATEMENT    8 |
| --- | --- | --- | --- |
| DESCRIPTION | | BEGINNING OF TAX YEAR | END OF TAX YEAR |
| DUE TO AFFILIATES | | 120,821. | 116,521. |
| LOANS AND EXCHANGES | | | |
| LOANS RECEIVABLE | | 23,300. | 23,300. |
| SECURITY DEPOSITS | | 5,540. | 5,540. |
| TOTAL TO SCHEDULE L, LINE 14 | | 149,661. | 145,361. |

| SCHEDULE L | OTHER CURRENT LIABILITIES | | STATEMENT    9 |
| --- | --- | --- | --- |
| DESCRIPTION | | BEGINNING OF TAX YEAR | END OF TAX YEAR |
| CASH OVERDRAFT | | 20,988. | 24,967. |
| PAYROLL TAXES PAYABLE | | | 2,084. |
| TOTAL TO SCHEDULE L, LINE 18 | | 20,988. | 27,051. |

| SCHEDULE L | OTHER LIABILITIES | | STATEMENT   10 |
| --- | --- | --- | --- |
| DESCRIPTION | | BEGINNING OF TAX YEAR | END OF TAX YEAR |
| LOAN PAYABLE AFFILIATE | | 313,149. | 367,470. |
| TOTAL TO SCHEDULE L, LINE 21 | | 313,149. | 367,470. |

| SCHEDULE L | ANALYSIS OF TOTAL RETAINED EARNINGS PER BOOKS | STATEMENT   11 |
| --- | --- | --- |
| DESCRIPTION | | AMOUNT |
| BALANCE AT BEGINNING OF YEAR | | -710,619. |
| NET INCOME PER BOOKS | | 539,896. |
| DISTRIBUTIONS | | -379,727. |
| OTHER INCREASES (DECREASES) | | |
| BALANCE AT END OF YEAR - SCHEDULE L, LINE 24, COLUMN (D) | | -550,450. |

| SCHEDULE M-2   ACCUMULATED ADJUSTMENTS ACCOUNT- OTHER REDUCTIONS | STATEMENT   12 |
|---|---|

| DESCRIPTION | AMOUNT |
|---|---|
| CHARITABLE CONTRIBUTIONS | 2,150. |
| OTHER DEDUCTIONS | 31,532. |
| TOTAL TO SCHEDULE M-2, LINE 5 - COLUMN (A) | 33,682. |

ALTERNATIVE MINIMUM TAX DEPRECIATION REPORT

| Asset No. | Description | Date Acquired | AMT Method | AMT Life | AMT Cost Or Basis | AMT Accumulated | Regular Depreciation | AMT Depreciation | AMT Adjustment |
|---|---|---|---|---|---|---|---|---|---|
| 4 | LEASEHOLD IMPROVEMENTS | 010195 | SL | 40.00 | 189,728. | 80,436. | 4,865. | 4,743. | 122. |
| | TOTALS | | | | 189,728. | 80,436. | 4,865. | 4,743. | 122. |
| | MACRS AMT ADJUSTMENT | | | | | | | 122. | |

9.1

228104
05-01-12

671112

| Schedule K-1 (Form 1120S) | **2012** | ☐ Final K-1   ☐ Amended K-1 | OMB No. 1545-0130 |
| --- | --- | --- | --- |

Department of the Treasury
Internal Revenue Service

For calendar year 2012, or tax
year beginning _____
ending _____

**Shareholder's Share of Income, Deductions, Credits, etc.**   ▶ See separate instructions.

| **Part I**   Information About the Corporation |
| --- |

**A** Corporation's employer identification number
13-3783251

**B** Corporation's name, address, city, state, and ZIP code

GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,
700 WHITE PLAINS ROAD
SCARSDALE, NY  10583

**C** IRS Center where corporation filed return
E-FILE

| **Part II**   Information About the Shareholder |
| --- |

**D** Shareholder's identifying number
XXX-XX-4490

**E** Shareholder's name, address, city, state and ZIP code

GEORGE SHAPIRO
25 OLD SPRAIN ROAD
ARDSLEY, NY 10902

**F** Shareholder's percentage of stock
ownership for tax year .................   50.000000%

*For IRS Use Only*

| **Part III** | Shareholder's Share of Current Year Income, Deductions, Credits, and Other Items |
| --- | --- |

| | | | |
| --- | --- | --- | --- |
| 1 | Ordinary business income (loss) 286,789. | 13 | Credits |
| 2 | Net rental real estate inc (loss) | | |
| 3 | Other net rental income (loss) | | |
| 4 | Interest income | | |
| 5a | Ordinary dividends | | |
| 5b | Qualified dividends | 14 | Foreign transactions |
| 6 | Royalties | | |
| 7 | Net short-term capital gain (loss) | | |
| 8a | Net long-term capital gain (loss) | | |
| 8b | Collectibles (28%) gain (loss) | | |
| 8c | Unrecaptured sec 1250 gain | | |
| 9 | Net section 1231 gain (loss) | | |
| 10 | Other income (loss) | 15 A | Alternative min tax (AMT) items 61. |
| 11 | Section 179 deduction | 16 D | Items affecting shareholder basis 189,864. |
| 12 A | Other deductions 1,075. | | |
| S* | 15,766. | | |
| | | 17 | Other information |

*See attached statement for additional information.

SCHEDULE K-1                    OTHER DEDUCTIONS, BOX 12, CODE S

| DESCRIPTION | AMOUNT | SHAREHOLDER FILING INSTRUCTIONS |
|---|---|---|
| MEDICAL EXPENSES PAID FOR MORE THAN 2% SHAREHOLDERS | 15,766. | SEE SHAREHOLDERS INSTRUCTIONS |
| TOTAL | 15,766. | |

SHAREHOLDER 1

671112

| Schedule K-1<br>(Form 1120S) | **2012** | ☐ Final K-1   ☐ Amended K-1 | OMB No. 1545-0130 |

Department of the Treasury
Internal Revenue Service

For calendar year 2012, or tax
year beginning _____
ending _____

### Shareholder's Share of Income, Deductions, Credits, etc. ▶ See separate instructions.

| Part I | Information About the Corporation |

**A** Corporation's employer identification number
13-3783251

**B** Corporation's name, address, city, state, and ZIP code

GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,
700 WHITE PLAINS ROAD
SCARSDALE, NY   10583

**C** IRS Center where corporation filed return
E-FILE

| Part II | Information About the Shareholder |

**D** Shareholder's identifying number
~~1̶0̶0̶-̶5̶4̶~~-3782

**E** Shareholder's name, address, city, state and ZIP code

JEFFREY SHAPIRO
31 BROOKRIDGE ROAD
NEW ROCHELLE, NY 10804

**F** Shareholder's percentage of stock
ownership for tax year .................   50.000000%

For IRS Use Only

| Part III | Shareholder's Share of Current Year Income, Deductions, Credits, and Other Items |
|---|---|
| 1 Ordinary business income (loss)   286,789. | 13 Credits |
| 2 Net rental real estate inc (loss) | |
| 3 Other net rental income (loss) | |
| 4 Interest income | |
| 5a Ordinary dividends | |
| 5b Qualified dividends | 14 Foreign transactions |
| 6 Royalties | |
| 7 Net short-term capital gain (loss) | |
| 8a Net long-term capital gain (loss) | |
| 8b Collectibles (28%) gain (loss) | |
| 8c Unrecaptured sec 1250 gain | |
| 9 Net section 1231 gain (loss) | |
| 10 Other income (loss) | 15 Alternative min tax (AMT) items<br>A          61. |
| 11 Section 179 deduction | 16 Items affecting shareholder basis<br>D        189,863. |
| 12 Other deductions<br>A      1,075.<br>S*    15,766. | |
| | 17 Other information |
| | *See attached statement for additional information. |

SCHEDULE K-1                  OTHER DEDUCTIONS, BOX 12, CODE S

| DESCRIPTION | AMOUNT | SHAREHOLDER FILING INSTRUCTIONS |
|---|---|---|
| MEDICAL EXPENSES PAID FOR MORE THAN 2% SHAREHOLDERS | 15,766. | SEE SHAREHOLDERS INSTRUCTIONS |
| TOTAL | 15,766. | |

SHAREHOLDER 2

# 2011 TAX RETURN FILING INSTRUCTIONS

## U.S. INCOME TAX RETURN FOR AN S CORPORATION

FOR THE YEAR ENDING

DECEMBER 31, 2011

**CLIENT COPY**

| | |
|---|---|
| **Prepared for** | GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,PC<br>700 WHITE PLAINS ROAD<br>SCARSDALE, NY  10583 |
| **Prepared by** | O'CONNOR DAVIES MUNNS & DOBBINS, LLP<br>500 MAMARONECK AVENUE<br>HARRISON, NY 10528-1633 |
| **To be signed and dated by** | THE APPROPRIATE CORPORATE OFFICER(S). |
| **Amount of tax** | Total tax $ 0<br>Less: payments and credits $ 0<br>Plus: other amount $ 0<br>Plus: interest and penalties $ 0<br>NO PMT REQUIRED $ |
| **Overpayment** | Credited to your estimated tax $ 0<br>Other amount $ 0<br>Refunded to you $ 0 |
| **Make check payable to** | NOT APPLICABLE |
| **Mail tax return and check (if applicable) to** | THIS RETURN HAS BEEN PREPARED FOR ELECTRONIC FILING.  TO HAVE IT TRANSMITTED ELECTRONICALLY TO THE IRS, PLEASE SIGN, DATE, AND RETURN FORM 8879-S TO OUR OFFICE.  WE WILL THEN SUBMIT YOUR ELECTRONIC RETURN. |
| **Return must be mailed on or before** | RETURN FEDERAL FORM 8879-S TO US BY SEPTEMBER 17, 2012. |
| **Special Instructions** | ENCLOSED ARE COPIES OF SCHEDULE K-1 TO BE DISTRIBUTED TO THE SHAREHOLDERS. |

100084 05-01-11

Form **1120S**

**U.S. Income Tax Return for an S Corporation**

▶ Do not file this form unless the corporation has filed or is attaching Form 2553 to elect to be an S corporation.

OMB No. 1545-0130

**2011**

Department of the Treasury
Internal Revenue Service (77)

For calendar year 2011 or tax year beginning _____ , and ending _____

| | | | |
|---|---|---|---|
| **A** S election effective date<br>01/01/1995 | **TYPE OR PRINT** | Name<br>GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,PC | **D** Employer identification number<br>13-3783251 |
| **B** Business activity code number (see instructions)<br>621111 | | Number, street, and room or suite no. If a P.O. box, see instructions.<br>700 WHITE PLAINS ROAD | **E** Date incorporated<br>01/01/1995 |
| **C** Check if Sch. M-3 attached ☐ | | City or town, state, and ZIP code<br>SCARSDALE, NY 10583 | **F** Total assets (see instructions)<br>$ 323,509. |

**G** Is the corporation electing to be an S corporation beginning with this tax year? ☐ Yes ☒ No   If "Yes," attach Form 2553 if not already filed

**H** Check if: **(1)** ☐ Final return **(2)** ☐ Name change **(3)** ☐ Address change **(4)** ☐ Amended return **(5)** ☐ S election termination or revocation

**I** Enter the number of shareholders who were shareholders during any part of the tax year ▶ 2

**Caution:** Include only trade or business income and expenses on lines 1a through 21. See the instructions for more information.

| | | | |
|---|---|---|---|
| **Income** | **1 a** Merchant card and third-party payment. For 2011, enter -0- | 0. | |
| | **b** Gross receipts or sales not reported on line 1a | 2,590,463. | |
| | **c** Total. Add lines 1a and 1b ▶ **1c** | | 2,590,463. |
| | **d** Returns and allowances plus any other adjustments (see instrs.) _____ **e** Subtract line 1d from line 1c ▶ **1e** | | 2,590,463. |
| | **2** Cost of goods sold (attach Form 1125-A) **2** | | |
| | **3** Gross profit. Subtract line 2 from line 1e **3** | | 2,590,463. |
| | **4** Net gain (loss) from Form 4797, Part II, line 17 *(attach Form 4797)* **4** | | |
| | **5** Other income (loss) *(attach statement)* STATEMENT 1 **5** | | 18,470. |
| | **6** **Total income (loss).** Add lines 3 through 5 ▶ **6** | | 2,608,933. |
| **Deductions (See instructions for limitations)** | **7** Compensation of officers STATEMENT 2 **7** | | 134,000. |
| | **8** Salaries and wages (less employment credits) **8** | | 512,141. |
| | **9** Repairs and maintenance **9** | | 11,236. |
| | **10** Bad debts **10** | | |
| | **11** Rents **11** | | 151,722. |
| | **12** Taxes and licenses STATEMENT 3 **12** | | 67,409. |
| | **13** Interest **13** | | 77,040. |
| | **14** Depreciation not claimed on Form 1125-A or elsewhere on return *(attach Form 4562)* **14** | | 4,865. |
| | **15** Depletion **(Do not deduct oil and gas depletion.)** **15** | | |
| | **16** Advertising **16** | | |
| | **17** Pension, profit-sharing, etc., plans **17** | | |
| | **18** Employee benefit programs **18** | | |
| | **19** Other deductions *(attach statement)* STATEMENT 4 **19** | | 440,579. |
| | **20** **Total deductions.** Add lines 7 through 19 ▶ **20** | | 1,398,992. |
| | **21** Ordinary business income (loss). Subtract line 20 from line 6 **21** | | 1,209,941. |
| **Tax and Payments** | **22 a** Excess net passive income or LIFO recapture tax *(see instructions)* **22a** | | |
| | **b** Tax from Schedule D (Form 1120S) **22b** | | |
| | **c** Add lines 22a and 22b **22c** | | |
| | **23 a** 2011 estimated tax payments and 2010 overpayment credited to 2011 **23a** | | |
| | **b** Tax deposited with Form 7004 **23b** | | |
| | **c** Credit for federal tax paid on fuels *(attach Form 4136)* **23c** | | |
| | **d** Add lines 23a through 23c **23d** | | |
| | **24** Estimated tax penalty (see instructions). Check if Form 2220 is attached ▶ ☐ **24** | | |
| | **25** **Amount owed.** If line 23d is smaller than the total of lines 22c and 24, enter amount owed **25** | | |
| | **26** **Overpayment.** If line 23d is larger than the total of lines 22c and 24, enter amount overpaid **26** | | |
| | **27** Enter amount from line 26 **Credited to 2012 estimated tax** _____ **Refunded** ▶ **27** | | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ _____   _____   ▶ PRESIDENT
Signature of officer            Date            Title

May the IRS discuss this return with the preparer shown below (see instr.)?
☒ Yes ☐ No

| | | | | | |
|---|---|---|---|---|---|
| **Paid Preparer Use Only** | Print/Type preparer's name<br>ANTHONY V. MONTALTO, CPA | Preparer's signature<br>ANTHONY V. MONTALTO, CPA | Date | Check ☐ if self-employed ☒ | PTIN<br>P00176943 |
| | Firm's name ▶ O'CONNOR DAVIES MUNNS & DOBBINS, LLP | | | | Firm's EIN ▶ 13-3385019 |
| | Firm's address ▶ 500 MAMARONECK AVENUE<br>HARRISON, NY 10528-1633 | | | | Phone no.<br>914-381-8900 |

JWA   **For Paperwork Reduction Act Notice, see separate instructions.**

111701
12-12-11

Form **1120S** (2011)

| Form **7004** | Application for Automatic Extension of Time To File Certain Business Income Tax, Information, and Other Returns | | OMB No. 1545-0233 |
|---|---|---|---|
| (Rev. November 2011) Department of the Treasury Internal Revenue Service | ▶ File a separate application for each return. ▶ See separate instructions. | | |

| Print or Type | **Name** GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,PC | **Identifying number** 13-3783251 |
|---|---|---|
| | **Number, street, and room or suite no. (If P.O. box, see instructions.)** 700 WHITE PLAINS ROAD | |
| | **City, town, state, and ZIP code (If a foreign address, enter city, province or state, and country (follow the country's practice for entering postal code)).** SCARSDALE, NY 10583 | |

**Note.** *File request for extension by the due date of the return for which the extension is granted. See instructions before completing this form.*

| Part I | Automatic 5-Month Extension |
|---|---|

**1a** Enter the form code for the return that this application is for (see below) ....................................................................

| Application Is For: | Form Code | Application Is For: | Form Code |
|---|---|---|---|
| Form 1065 | 09 | Form 1041 (estate other than a bankruptcy estate) | 04 |
| Form 8804 | 31 | Form 1041 (trust) | 05 |

| Part II | Automatic 6-Month Extension |
|---|---|

**b** Enter the form code for the return that this application is for (see below) ...............................................  **25**

| Application Is For: | Form Code | Application Is For: | Form Code |
|---|---|---|---|
| Form 706-GS(D) | 01 | Form 1120-ND (section 4951 taxes) | 20 |
| Form 706-GS(T) | 02 | Form 1120-PC | 21 |
| Form 1041 (bankruptcy estate only) | 03 | Form 1120-POL | 22 |
| Form 1041-N | 06 | Form 1120-REIT | 23 |
| Form 1041-QFT | 07 | Form 1120-RIC | 24 |
| Form 1042 | 08 | Form 1120S | 25 |
| Form 1065-B | 10 | Form 1120-SF | 26 |
| Form 1066 | 11 | Form 3520-A | 27 |
| Form 1120 | 12 | Form 8612 | 28 |
| Form 1120-C | 34 | Form 8613 | 29 |
| Form 1120-F | 15 | Form 8725 | 30 |
| Form 1120-FSC | 16 | Form 8831 | 32 |
| Form 1120-H | 17 | Form 8876 | 33 |
| Form 1120-L | 18 | Form 8924 | 35 |
| Form 1120-ND | 19 | Form 8928 | 36 |

**2** If the organization is a foreign corporation that does not have an office or place of business in the United States, check here ....................... ▶ ☐

**3** If the organization is a corporation and is the common parent of a group that intends to file a consolidated return, check here ....................... ▶ ☐
If checked, attach a schedule, listing the name, address, and Employer Identification Number (EIN) for each member covered by this application.

| Part III | All Filers Must Complete This Part |
|---|---|

**4** If the organization is a corporation or partnership that qualifies under Regulations section 1.6081-5, check here ....................... ▶ ☐

**5a** The application is for calendar year  2011 , or tax year beginning _____ , and ending _____

**b** **Short tax year.** If this tax year is less than 12 months, check the reason:
☐ Initial return   ☐ Final return   ☐ Change in accounting period   ☐ Consolidated return to be filed

| **6** | Tentative total tax ............................................................................................................... | **6** | 0. |
|---|---|---|---|
| **7** | **Total** payments and credits (see instructions) .................................................................... | **7** | 0. |
| **8** | **Balance due.** Subtract line 7 from line 6 (see instructions) .................................................... | **8** | 0. |

LHA  **For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**   Form **7004** (Rev. 11-2011)
119741
11-28-11

| Form **8879-S** | IRS e-file Signature Authorization for Form 1120S | OMB No. 1545-1863 |
|---|---|---|
| Department of the Treasury Internal Revenue Service | For calendar year 2011, or tax year beginning _____ , 2011, ending _____ , 20 ___. ▶ **See instructions. Do not send to the IRS. Keep for your records.** | **2011** |

| Name of corporation | Employer identification number |
|---|---|
| GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,PC | 13-3783251 |

| **Part I** | **Tax Return Information** (Whole dollars only) | | |
|---|---|---|---|
| 1 | Gross receipts or sales less returns and allowances (Form 1120S, line 1e) | **1** | 2,590,463. |
| 2 | Gross profit (Form 1120S, line 3) | **2** | 2,590,463. |
| 3 | Ordinary business income (loss) (Form 1120S, line 21) | **3** | 1,209,941. |
| 4 | Net rental real estate income (loss) (Form 1120S, Schedule K, line 2) | **4** | |
| 5 | Income (loss) reconciliation (Form 1120S, Schedule K, line 18) | **5** | 1,146,841. |

| **Part II** | **Declaration and Signature Authorization of Officer** (Be sure to get a copy of the corporation's return) |
|---|---|

Under penalties of perjury, I declare that I am an officer of the above corporation and that I have examined a copy of the corporation's 2011 electronic income tax return and accompanying schedules and statements and to the best of my knowledge and belief, it is true, correct, and complete. I further declare that the amounts in Part I above are the amounts shown on the copy of the corporation's electronic income tax return. I consent to allow my electronic return originator (ERO), transmitter, or intermediate service provider to send the corporation's return to the IRS and to receive from the IRS **(a)** an acknowledgement of receipt or reason for rejection of the transmission, **(b)** the reason for any delay in processing the return or refund, and **(c)** the date of any refund. If applicable, I authorize the U.S. Treasury and its designated Financial Agent to initiate an electronic funds withdrawal (direct debit) entry to the financial institution account indicated in the tax preparation software for payment of the corporation's federal taxes owed on this return, and the financial institution to debit the entry to this account. To revoke a payment, I must contact the U.S. Treasury Financial Agent at **1-888-353-4537** no later than 2 business days prior to the payment (settlement) date. I also authorize the financial institutions involved in the processing of the electronic payment of taxes to receive confidential information necessary to answer inquiries and resolve issues related to the payment. I have selected a personal identification number (PIN) as my signature for the corporation's electronic income tax return and, if applicable, the corporation's consent to electronic funds withdrawal.

**Officer's PIN: check one box only**

[X] I authorize O'CONNOR DAVIES MUNNS & DOBBINS, LLP _____  to enter my PIN  | 83252 |
                 ERO firm name                                                                      do not enter all zeros

as my signature on the corporation's 2011 electronically filed income tax return.

[ ] As an officer of the corporation, I will enter my PIN as my signature on the corporation's 2011 electronically filed income tax return.

Officer's signature ▶ _____  Date ▶ _____  Title ▶ PRESIDENT _____

| **Part III** | **Certification and Authentication** |
|---|---|

**ERO's EFIN/PIN.** Enter your six-digit EFIN followed by your five-digit self-selected PIN.  | 13483918842 |
                                                                                                  do not enter all zeros

I certify that the above numeric entry is my PIN, which is my signature on the 2011 electronically filed income tax return for the corporation indicated above. I confirm that I am submitting this return in accordance with the requirements of **Pub. 3112**, IRS e-file Application and Participation, and **Pub. 4163**, Modernized e-File (MeF) Information for Authorized IRS e-file Providers for Business Returns.

ERO's signature ▶ _____  Date ▶ _____

**ERO Must Retain This Form - See Instructions**
**Do Not Submit This Form to the IRS Unless Requested To Do So**

**For Paperwork Reduction Act Notice, see instructions.**                    Form **8879-S** (2011)
LHA

110201
11-02-11

Form 1120S (2011)   GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,PC      13-3783251   Page **2**

## Schedule B   Other Information   (see instructions)

|  |  | Yes | No |
|---|---|---|---|
| 1 Check accounting method:   (a) [X] Cash   (b) [ ] Accrual   (c) [ ] Other (specify) ▶ _____ |  |  |  |
| 2 See the instructions and enter the: |  |  |  |
|   (a) Business activity ▶ _____   (b) Product or service ▶ _____ |  |  |  |
| 3 At the end of the tax year, did the corporation own, directly or indirectly, 50% or more of the voting stock of a domestic corporation? (For rules of attribution, see section 267(c).) If "Yes," attach a statement showing: (a) name and employer identification number (EIN), (b) percentage owned, and (c) if 100% owned, was a qualified subchapter S subsidiary election made? |  |  | X |
| 4 Has this corporation filed, or is it required to file, **Form 8918**, Material Advisor Disclosure Statement, provide information on any reportable transaction? |  |  | X |
| 5 Check this box if the corporation issued publicly offered debt instruments with original issue discount ................................ ▶ [ ] |  |  |  |
|   If checked, the corporation may have to file **Form 8281**, Information Return for Publicly Offered Original Issue Discount Instruments. |  |  |  |
| 6 If the corporation: (a) was a C corporation before it elected to be an S corporation **or** the corporation acquired an asset with a basis determined by reference to the basis of the asset (or the basis of any other property) in the hands of a C corporation **and (b)** has net unrealized built-in gain in excess of the net recognized built-in gain from prior years, enter the net unrealized built-in gain reduced by net recognized built-in gain from prior years ........................................................................................... ▶ $ _____ |  |  |  |
| 7 Enter the accumulated earnings and profits of the corporation at the end of the tax year ................ $ _____ |  |  |  |
| 8 Are the corporation's total receipts (see instructions) for the tax year **and** its total assets at the end of the tax year less than $250,000? If "Yes," the corporation is not required to complete Schedules L and M-1 .................... |  |  | X |
| 9 During the tax year, was a qualified subchapter S subsidiary election terminated or revoked? If "Yes," see instructions ..... |  |  | X |
| 10a Did the corporation make any payments in 2011 that would require it to file Form(s) 1099 (see instructions)? .................. |  | X |  |
|   b If "Yes," did the corporation file or will it file all required Forms 1099? |  |  |  |

## Schedule K   Shareholders' Pro Rata Share Items

|  |  |  | Total amount |
|---|---|---|---|
| **Income (Loss)** | 1 Ordinary business income (loss) (page 1, line 21) | 1 | 1,209,941. |
|  | 2 Net rental real estate income (loss) (attach Form 8825) | 2 |  |
|  | 3a Other gross rental income (loss) | 3a | |
|  | b Expenses from other rental activities (attach statement) | 3b | |
|  | c Other net rental income (loss). Subtract line 3b from line 3a | 3c |  |
|  | 4 Interest income | 4 |  |
|  | 5 Dividends: a Ordinary dividends | 5a |  |
|  | b Qualified dividends | 5b | |
|  | 6 Royalties | 6 |  |
|  | 7 Net short-term capital gain (loss) (attach Schedule D (Form 1120S)) | 7 |  |
|  | 8a Net long-term capital gain (loss) (attach Schedule D (Form 1120S)) | 8a |  |
|  | b Collectibles (28%) gain (loss) | 8b | |
|  | c Unrecaptured section 1250 gain (attach statement) | 8c | |
|  | 9 Net section 1231 gain (loss) (attach Form 4797) | 9 |  |
|  | 10 Other income (loss) (see instructions) ... Type ▶ | 10 |  |

JWA                                                                                   Form **1120S** (2011)

111711
12-12-11

Form 1120S (2011)    **GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,PC**    13-3783251    Page **3**

| | Shareholders' Pro Rata Share Items (continued) | | Total amount |
|---|---|---|---|
| **Deductions** | **11** Section 179 deduction (attach Form 4562) | **11** | 28,454. |
| | **12 a** Contributions                                STATEMENT 6 | **12a** | 2,800. |
| | **b** Investment interest expense | **12b** | |
| | **c** Section 59(e)(2) expenditures (1) Type ▶ | | |
| | (2) Amount ▶ | **12c(2)** | |
| | **d** Other deductions (see instructions) Type ▶          STATEMENT 5 | **12d** | 31,846. |
| **Credits** | **13 a** Low-income housing credit (section 42(j)(5)) | **13a** | |
| | **b** Low-income housing credit (other) | **13b** | |
| | **c** Qualified rehabilitation expenditures (rental real estate) (attach Form 3468) | **13c** | |
| | **d** Other rental real estate credits (see instructions) Type ▶ | **13d** | |
| | **e** Other rental credits (see instructions) Type ▶ | **13e** | |
| | **f** Alcohol and cellulosic biofuel fuels credit (attach Form 6478) | **13f** | |
| | **g** Other credits (see instructions) Type ▶ | **13g** | |
| **Foreign Transactions** | **14 a** Name of country or U.S. possession ▶ | | |
| | **b** Gross income from all sources | **14b** | |
| | **c** Gross income sourced at shareholder level | **14c** | |
| | Foreign gross income sourced at corporate level | | |
| | **d** Passive category | **14d** | |
| | **e** General category | **14e** | |
| | **f** Other (attach statement ) | **14f** | |
| | Deductions allocated and apportioned at shareholder level | | |
| | **g** Interest expense | **14g** | |
| | **h** Other | **14h** | |
| | Deductions allocated and apportioned at corporate level to foreign source income | | |
| | **i** Passive category | **14i** | |
| | **j** General category | **14j** | |
| | **k** Other (attach statement) | **14k** | |
| | Other information | | |
| | **l** Total foreign taxes (check one): ▶ ☐ Paid    ☐ Accrued | **14l** | |
| | **m** Reduction in taxes available for credit (attach statement) | **14m** | |
| | **n** Other foreign tax information (attach statement) | | |
| **Alternative Minimum Tax (AMT) Items** | **15 a** Post-1986 depreciation adjustment | **15a** | 122. |
| | **b** Adjusted gain or loss | **15b** | |
| | **c** Depletion (other than oil and gas) | **15c** | |
| | **d** Oil, gas, and geothermal properties - gross income | **15d** | |
| | **e** Oil, gas, and geothermal properties - deductions | **15e** | |
| | **f** Other AMT items (attach statement) | **15f** | |
| **Items Affecting Shareholder Basis** | **16 a** Tax-exempt interest income | **16a** | |
| | **b** Other tax-exempt income | **16b** | |
| | **c** Nondeductible expenses                        STATEMENT 7 | **16c** | 2,168. |
| | **d** Distributions (attach statement if required) | **16d** | 771,672. |
| | **e** Repayment of loans from shareholders | **16e** | |
| **Other Information** | **17 a** Investment income | **17a** | |
| | **b** Investment expenses | **17b** | |
| | **c** Dividend distributions paid from accumulated earnings and profits | **17c** | |
| | **d** Other items and amounts (attach statement) | | |
| **Recon-ciliation** | **18** **Income/loss reconciliation.** Combine the amounts in lines 1 through 10 in the far right column. From the result, subtract the sum of the amounts on lines 11 through 12d and 14l | **18** | 1,146,841. |

JWA

Form **1120S** (2011)

111721
12-12-11

## Schedule L — Balance Sheets per Books

| Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|
| 1 Cash | | | | -2. |
| 2 a Trade notes and accounts receivable | | | | |
| b Less allowance for bad debts | | | | |
| 3 Inventories | | | | |
| 4 U.S. government obligations | | | | |
| 5 Tax-exempt securities | | | | |
| 6 Other current assets (att. stmt.) | STATEMENT 9 | 37,119. | | 130,419. |
| 7 Loans to shareholders | | | | |
| 8 Mortgage and real estate loans | | | | |
| 9 Other investments (att. stmt.) | | | | |
| 10 a Buildings and other depreciable assets | 443,726. | | 472,180. | |
| b Less accumulated depreciation | 395,430. | 48,296. | 428,749. | 43,431. |
| 11 a Depletable assets | | | | |
| b Less accumulated depletion | | | | |
| 12 Land (net of any amortization) | | | | |
| 13 a Intangible assets (amortizable only) | | | | |
| b Less accumulated amortization | | | | |
| 14 Other assets (att. stmt.) | STATEMENT 10 | 123,850. | | 149,661. |
| 15 Total assets | | 209,265. | | 323,509. |
| **Liabilities and Shareholders' Equity** | | | | |
| 16 Accounts payable | | | | |
| 17 Mortgages, notes, bonds payable in less than 1 year | | | | |
| 18 Other current liabilities (att. stmt.) | STATEMENT 11 | 22,777. | | 20,988. |
| 19 Loans from shareholders | | | | |
| 20 Mortgages, notes, bonds payable in 1 year or more | | 953,644. | | 696,676. |
| 21 Other liabilities (att. stmt.) | STATEMENT 12 | 313,149. | | 313,149. |
| 22 Capital stock | | 3,315. | | 3,315. |
| 23 Additional paid-in capital | | | | |
| 24 Retained earnings | STATEMENT 13 | -1,083,620. | | -710,619. |
| 25 Adjustments to shareholders' equity (att. stmt.) | | | | |
| 26 Less cost of treasury stock | | ( ) | | ( ) |
| 27 Total liabilities and shareholders' equity | | 209,265. | | 323,509. |

## Schedule M-1 — Reconciliation of Income (Loss) per Books With Income (Loss) per Return

Note: Schedule M-3 required instead of Schedule M-1 if total assets are $10 million or more - see instructions

| | | | | |
|---|---|---|---|---|
| 1 Net income (loss) per books | 1,144,673. | 5 Income recorded on books this year not included on Schedule K, lines 1 through 10 (itemize): | | |
| 2 Income included on Schedule K, lines 1, 2, 3c, 4, 5a, 6, 7, 8a, 9, and 10, not recorded on books this year (itemize): _____ | | a Tax-exempt interest $ _____ | | |
| 3 Expenses recorded on books this year not included on Schedule K, lines 1 through 12 and 14l (itemize): | | 6 Deductions included on Schedule K, lines 1 through 12 and 14l, not charged against book income this year (itemize): | | |
| a Depreciation $ _____ | | a Depreciation $ _____ | | |
| b Travel and entertainment $ _____ 2,168. | | | | |
| _____ | 2,168. | 7 Add lines 5 and 6 | | |
| 4 Add lines 1 through 3 | 1,146,841. | 8 Income (loss) (Schedule K, line 18). Line 4 less line 7 | | 1,146,841. |

## Schedule M-2 — Analysis of Accumulated Adjustments Account, Other Adjustments Account, and Shareholders' Undistributed Taxable Income Previously Taxed (see instructions)

| | (a) Accumulated adjustments account | (b) Other adjustments account | (c) Shareholders' undistributed taxable income previously taxed |
|---|---|---|---|
| 1 Balance at beginning of tax year | -1,083,620. | | |
| 2 Ordinary income from page 1, line 21 | 1,209,941. | | |
| 3 Other additions | | | |
| 4 Loss from page 1, line 21 | ( ) | | |
| 5 Other reductions STATEMENT 8 | ( 65,268.) | ( ) | |
| 6 Combine lines 1 through 5 | 61,053. | | |
| 7 Distributions other than dividend distributions | 771,672. | | |
| 8 Balance at end of tax year. Subtract line 7 from line 6 | -710,619. | | |

| Form **4562** | **Depreciation and Amortization** (Including Information on Listed Property)   OTHER ▶ See separate instructions.   ▶ Attach to your tax return. | OMB No. 1545-0172 **2011** Attachment Sequence No. **179** |
|---|---|---|

Department of the Treasury
Internal Revenue Service   (99)

| Name(s) shown on return | Business or activity to which this form relates | Identifying number |
|---|---|---|
| GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,PC | OTHER DEPRECIATION | 13-3783251 |

**Part I**  Election To Expense Certain Property Under Section 179 **Note:** *If you have any listed property, complete Part V before you complete Part I.*

| | | | |
|---|---|---|---|
| 1 | Maximum amount (see instructions) | 1 | 500,000. |
| 2 | Total cost of section 179 property placed in service (see instructions) | 2 | 28,454. |
| 3 | Threshold cost of section 179 property before reduction in limitation | 3 | 2,000,000. |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | 4 | |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | 5 | 500,000. |

| 6 | (a) Description of property | (b) Cost (business use only) | (c) Elected cost |
|---|---|---|---|
| | ULTRA-SOUND MACHINE | 28,454. | 28,454. |
| | | | |
| | | | |

| | | | | |
|---|---|---|---|---|
| 7 | Listed property. Enter the amount from line 29 | | 7 | |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | | 8 | 28,454. |
| 9 | Tentative deduction. Enter the **smaller** of line 5 or line 8 | | 9 | 28,454. |
| 10 | Carryover of disallowed deduction from line 13 of your 2010 Form 4562 | | 10 | |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5 | | 11 | 500,000. |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but do not enter more than line 11 | | 12 | 28,454. |
| 13 | Carryover of disallowed deduction to 2012. Add lines 9 and 10, less line 12 ▶ | 13 | | |

**Note:** *Do not use Part II or Part III below for listed property. Instead, use Part V.*

**Part II**   Special Depreciation Allowance and Other Depreciation (Do not include listed property.)

| | | | |
|---|---|---|---|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year | 14 | |
| 15 | Property subject to section 168(f)(1) election | 15 | |
| 16 | Other depreciation (including ACRS) | 16 | |

**Part III**   MACRS Depreciation (Do not include listed property.) (See instructions.)

**Section A**

| | | | |
|---|---|---|---|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2011 | 17 | 4,865. |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here ......... ▶ ☐ | | |

**Section B - Assets Placed in Service During 2011 Tax Year Using the General Depreciation System**

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only - see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| 19a  3-year property | | | | | | |
| b  5-year property | | | | | | |
| c  7-year property | | | | | | |
| d  10-year property | | | | | | |
| e  15-year property | | | | | | |
| f  20-year property | | | | | | |
| g  25-year property | | | 25 yrs. | | S/L | |
| h  Residential rental property | / | | 27.5 yrs. | MM | S/L | |
| | / | | 27.5 yrs. | MM | S/L | |
| i  Nonresidential real property | / | | 39 yrs. | MM | S/L | |
| | / | | | MM | S/L | |

**Section C - Assets Placed in Service During 2011 Tax Year Using the Alternative Depreciation System**

| | | | | | | |
|---|---|---|---|---|---|---|
| 20a  Class life | | | | | S/L | |
| b  12-year | | | 12 yrs. | | S/L | |
| c  40-year | / | | 40 yrs. | MM | S/L | |

**Part IV**   Summary (See instructions.)

| | | | |
|---|---|---|---|
| 21 | Listed property. Enter amount from line 28 | 21 | |
| 22 | **Total.** Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations - see instr. | 22 | 4,865. |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | 23 | |

118251
11-21-11   LHA  **For Paperwork Reduction Act Notice, see separate instructions.**                    Form **4562** (2011)

5

Form 4562 (2011)    GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,PC    13-3783251  Page **2**

| **Part V** | Listed Property (Include automobiles, certain other vehicles, certain computers, and property used for entertainment, recreation, or amusement.) |
|---|---|

**Note:** *For any vehicle for which you are using the standard mileage rate or deducting lease expense, complete* **only 24a, 24b, columns (a) through (c) of Section A, all of Section B, and Section C if applicable.**

**Section A - Depreciation and Other Information (Caution:** See the instructions for limits for passenger automobiles.**)**

24a Do you have evidence to support the business/investment use claimed? ☐ **Yes** ☐ **No**   24b If "Yes," is the evidence written? ☐ **Yes** ☐ **No**

| (a)<br>Type of property<br>(list vehicles first ) | (b)<br>Date<br>placed in<br>service | (c)<br>Business/<br>investment<br>use percentage | (d)<br>Cost or<br>other basis | (e)<br>Basis for depreciation<br>(business/investment<br>use only) | (f)<br>Recovery<br>period | (g)<br>Method/<br>Convention | (h)<br>Depreciation<br>deduction | (i)<br>Elected<br>section 179<br>cost |
|---|---|---|---|---|---|---|---|---|
| 25 Special depreciation allowance for qualified listed property placed in service during the tax year and used more than 50% in a qualified business use | | | | | 25 | | | |
| 26 Property used more than 50% in a qualified business use: | | | | | | | | |
| | : : | % | | | | | | |
| | : : | % | | | | | | |
| | : : | % | | | | | | |
| 27 Property used 50% or less in a qualified business use: | | | | | | | | |
| | : : | % | | | S/L - | | | |
| | : : | % | | | S/L - | | | |
| | : : | % | | | S/L - | | | |
| 28 Add amounts in column (h), lines 25 through 27. Enter here and on line 21, page 1 | | | | | 28 | | | |
| 29 Add amounts in column (i), line 26. Enter here and on line 7, page 1 | | | | | | 29 | | |

**Section B - Information on Use of Vehicles**

Complete this section for vehicles used by a sole proprietor, partner, or other "more than 5% owner," or related person.

If you provided vehicles to your employees, first answer the questions in Section C to see if you meet an exception to completing this section for those vehicles.

| | (a)<br>Vehicle | | (b)<br>Vehicle | | (c)<br>Vehicle | | (d)<br>Vehicle | | (e)<br>Vehicle | | (f)<br>Vehicle | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 30 Total business/investment miles driven during the year (**do not** include commuting miles) | | | | | | | | | | | | |
| 31 Total commuting miles driven during the year | | | | | | | | | | | | |
| 32 Total other personal (noncommuting) miles driven | | | | | | | | | | | | |
| 33 Total miles driven during the year. Add lines 30 through 32 | | | | | | | | | | | | |
| 34 Was the vehicle available for personal use during off-duty hours? | **Yes** | **No** | **Yes** | **No** | **Yes** | **No** | **Yes** | **No** | **Yes** | **No** | **Yes** | **No** |
| 35 Was the vehicle used primarily by a more than 5% owner or related person? | | | | | | | | | | | | |
| 36 Is another vehicle available for personal use? | | | | | | | | | | | | |

**Section C - Questions for Employers Who Provide Vehicles for Use by Their Employees**

Answer these questions to determine if you meet an exception to completing Section B for vehicles used by employees who **are not** more than 5% owners or related persons.

| | Yes | No |
|---|---|---|
| 37 Do you maintain a written policy statement that prohibits all personal use of vehicles, including commuting, by your employees? | | |
| 38 Do you maintain a written policy statement that prohibits personal use of vehicles, except commuting, by your employees? See the instructions for vehicles used by corporate officers, directors, or 1% or more owners | | |
| 39 Do you treat all use of vehicles by employees as personal use? | | |
| 40 Do you provide more than five vehicles to your employees, obtain information from your employees about the use of the vehicles, and retain the information received? | | |
| 41 Do you meet the requirements concerning qualified automobile demonstration use? | | |

**Note:** *If your answer to 37, 38, 39, 40, or 41 is "Yes," do not complete Section B for the covered vehicles.*

| **Part VI** | Amortization |
|---|---|

| (a)<br>Description of costs | (b)<br>Date amortization<br>begins | (c)<br>Amortizable<br>amount | (d)<br>Code<br>section | (e)<br>Amortization<br>period or percentage | (f)<br>Amortization<br>for this year |
|---|---|---|---|---|---|
| 42 Amortization of costs that begins during your 2011 tax year: | | | | | |
| | : : | | | | |
| | : : | | | | |
| 43 Amortization of costs that began before your 2011 tax year | | | | 43 | |
| 44 **Total.** Add amounts in column (f). See the instructions for where to report | | | | 44 | |

116252  11-18-11

Form **4562** (2011)

2011 DEPRECIATION AND AMORTIZATION REPORT
OTHER DEPRECIATION

OTHER

| Asset No. | Description | Date Acquired | Method | Life | Line No. | Unadjusted Cost Of Basis | Bus % Excl | Reduction In Basis | Basis For Depreciation | Accumulated Depreciation | Current Sec 179 | Current Year Deduction |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | COMPUTERS | 030206 | 200DB | 5.00 | 17 | 10,800. | | 10,800. | | | | 0. |
| 2 | TRAINING EQUIPMENT | 050506 | 200DB | 3.00 | 17 | 3,399. | | 3,399. | | | | 0. |
| 3 | MEDICAL C SCAN LEASEHOLD | 120406 | 200DB | 7.00 | 17 | 20,650. | | 20,650. | | | | 0. |
| 4 | IMPROVEMENTS MACHINERY & | 010195 | SL | 39.00 | 17 | 189,728. | | | 189,728. | 141,432. | | 4,865. |
| 5 | EQUIPMENT FURNITURE & | 120799 | 200DB | 7.00 | 17 | 107,741. | | | 107,741. | 107,741. | | 0. |
| 6 | FIXTURES | 120699 | 200DB | 7.00 | 17 | 86,408. | | | 86,408. | 86,408. | | 0. |
| 7 | ULTRA-SOUND MACHINE | 062311 | 200DB | 5.00 | 19B | 28,454. | | 28,454. | | | 28,454. | 28,454. |
| | * TOTAL OTHER DEPRECIATION | | | | | 447,180. | | 63,303. | 383,877. | 335,581. | 28,454. | 33,319. |
| | LESS: SEC 179 ALLOC TO SHAREHOLDE | | | | | | | | | | 28,454. | 28,454. |
| | NET DEPRECIATION | | | | | | | | | | | 4,865. |
| | | | | | | | | | | | | |
| | CURRENT ACTIVITY | | | | | | | | | | | |
| | BEGINNING BALANCE | | | | | 418,726. | | 34,849. | 383,877. | 335,581. | | |
| | ACQUISITIONS | | | | | 28,454. | | 28,454. | 0. | 0. | | |
| | DISPOSITIONS | | | | | 0. | | 0. | 0. | 0. | | |
| | ENDING BALANCE | | | | | 447,180. | | 63,303. | 383,877. | 335,581. | | |

* ITC, Section 179, Salvage, Bonus, Commercial Revitalization Deduction

(D) - Asset disposed

6.1

128102
05-01-11

GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,PC                    13-3783251

---

| FORM 1120S | OTHER INCOME | STATEMENT | 1 |

| DESCRIPTION | AMOUNT |
|---|---|
| MISCELLANEOUS | 18,470. |
| TOTAL TO FORM 1120S, PAGE 1, LINE 5 | 18,470. |

---

| FORM 1120S | COMPENSATION OF OFFICERS | STATEMENT | 2 |

| NAME OF OFFICER | SOCIAL SECURITY NUMBER | TIME DEVOTED TO BUSINESS | PCT OF STOCK | AMOUNT OF COMPENSATION |
|---|---|---|---|---|
| GEORGE SHAPIRO | -4490 | 100% | % | 67,000. |
| JEFFREY SHAPIRO | -3782 | 100% | % | 67,000. |
| TOTAL COMPENSATION OF OFFICERS | | | | 134,000. |

LESS: COMPENSATION CLAIMED ELSEWHERE
      EMPLOYMENT CREDIT REDUCTION

TOTAL TO FORM 1120S, PAGE 1, LINE 7                         134,000.

---

| FORM 1120S | TAXES AND LICENSES | STATEMENT | 3 |

| DESCRIPTION | AMOUNT |
|---|---|
| OTHER TAXES | 508. |
| PAYROLL TAXES | 63,920. |
| REAL ESTATE TAXES | 2,956. |
| NEW YORK TAXES - BASED ON INCOME | 25. |
| TOTAL TO FORM 1120S, PAGE 1, LINE 12 | 67,409. |

---

| FORM 1120S | OTHER DEDUCTIONS | STATEMENT | 4 |

| DESCRIPTION | AMOUNT |
|---|---|
| AUTOMOBILE | 86,047. |
| BANK CHARGES | 8,604. |
| COMPUTER EXPENSES | 20,324. |
| CREDIT CARD FEES | 2,826. |
| DUES AND SUBCRIPTIONS | 7,507. |
| EDUCATION AND SEMINARS | 2,992. |

7                    STATEMENT(S) 1, 2, 3, 4

GEORGE SHAPIRO & JEFFEREY SHAPIRO              13-3783251

| | |
|---|---|
| INSURANCE | 60,524. |
| LICENSES AND PERMITS | 3,300. |
| MEALS AND ENTERTAINMENT | 2,168. |
| MISCELLANEOUS | 20,419. |
| OFFICE EXPENSES | 31,117. |
| PROFESSIONAL FEES | 128,523. |
| SUPPLIES | 35,168. |
| TELEPHONE | 31,060. |
| | |
| TOTAL TO FORM 1120S, PAGE 1, LINE 19 | 440,579. |

---

| SCHEDULE K | OTHER DEDUCTIONS | STATEMENT   5 |
|---|---|---|

| DESCRIPTION | AMOUNT |
|---|---|
| MEDICAL INSURANCE PREMIUMS FOR MORE THAN 2% SHAREHOLDERS | 31,846. |
| TOTAL TO SCHEDULE K, LINE 12D | 31,846. |

---

| SCHEDULE K | CHARITABLE CONTRIBUTIONS | | | STATEMENT   6 |
|---|---|---|---|---|
| DESCRIPTION | NO LIMIT | 50% / 100% LIMIT | 30% LIMIT | 20% LIMIT |
| CONTRIBUTIONS | | 2,800. | | |
| TOTALS TO SCHEDULE K, LINE 12A | | 2,800. | | |

---

| SCHEDULE K | NONDEDUCTIBLE EXPENSES | STATEMENT   7 |
|---|---|---|

| DESCRIPTION | AMOUNT |
|---|---|
| EXCLUDED MEALS AND ENTERTAINMENT EXPENSES | 2,168. |
| TOTAL TO SCHEDULE K, LINE 16C | 2,168. |

SCHEDULE M-2   ACCUMULATED ADJUSTMENTS ACCOUNT- OTHER REDUCTIONS   STATEMENT    8

| DESCRIPTION | AMOUNT |
|---|---|
| CHARITABLE CONTRIBUTIONS | 2,800. |
| SECTION 179 EXPENSE DEDUCTION | 28,454. |
| OTHER DEDUCTIONS | 31,846. |
| NONDEDUCTIBLE EXPENSES | 2,168. |
| TOTAL TO SCHEDULE M-2, LINE 5 - COLUMN (A) | 65,268. |

SCHEDULE L                    OTHER CURRENT ASSETS                    STATEMENT    9

| DESCRIPTION | BEGINNING OF TAX YEAR | END OF TAX YEAR |
|---|---|---|
| LOANS RECEIVABLE - SHAREHOLDER-GS | 37,119. | 46,283. |
| LOANS RECEIVABLE - SHAREHOLDER-JS | | 84,136. |
| TOTAL TO SCHEDULE L, LINE 6 | 37,119. | 130,419. |

SCHEDULE L                        OTHER ASSETS                        STATEMENT   10

| DESCRIPTION | BEGINNING OF TAX YEAR | END OF TAX YEAR |
|---|---|---|
| DUE TO AFFILIATES | 116,521. | 120,821. |
| LOANS AND EXCHANGES | 0. | 0. |
| LOANS RECEIVABLE | 1,800. | 23,300. |
| SECURITY DEPOSITS | 5,529. | 5,540. |
| TOTAL TO SCHEDULE L, LINE 14 | 123,850. | 149,661. |

SCHEDULE L                  OTHER CURRENT LIABILITIES                  STATEMENT   11

| DESCRIPTION | BEGINNING OF TAX YEAR | END OF TAX YEAR |
|---|---|---|
| CASH OVERDRAFT | 23,584. | 20,988. |
| PAYROLL TAXES PAYABLE | -807. | 0. |
| TOTAL TO SCHEDULE L, LINE 18 | 22,777. | 20,988. |

| SCHEDULE L | OTHER LIABILITIES | | STATEMENT   12 |
|---|---|---|---|

| DESCRIPTION | BEGINNING OF TAX YEAR | END OF TAX YEAR |
|---|---|---|
| LOAN PAYABLE AFFILIATE | 313,149. | 313,149. |
| TOTAL TO SCHEDULE L, LINE 21 | 313,149. | 313,149. |

| SCHEDULE L | ANALYSIS OF TOTAL RETAINED EARNINGS PER BOOKS | STATEMENT   13 |
|---|---|---|

| DESCRIPTION | AMOUNT |
|---|---|
| BALANCE AT BEGINNING OF YEAR | -1,083,620. |
| NET INCOME PER BOOKS | 1,144,673. |
| DISTRIBUTIONS | -771,672. |
| OTHER INCREASES (DECREASES) | |
| BALANCE AT END OF YEAR - SCHEDULE L, LINE 24, COLUMN (D) | -710,619. |

**ALTERNATIVE MINIMUM TAX DEPRECIATION REPORT**

| Asset No. | Description | Date Acquired | AMT Method | AMT Life | AMT Cost Or Basis | AMT Accumulated | Regular Depreciation | AMT Depreciation | AMT Adjustment |
|---|---|---|---|---|---|---|---|---|---|
| 4 | LEASEHOLD IMPROVEMENTS | 010195 | SL | 40.00 | 189,728. | 75,693. | 4,865. | 4,743. | 122. |
| 7 | ULTRA-SOUND MACHINE | 062311 | 1200DB | 5.00 | 28,454. | 0. | 28,454. | 28,454. | 0. |
| | TOTALS | | | | 218,182. | 75,693. | 33,319. | 33,197. | 122. |
| | MACRS AMT ADJUSTMENT | | | | | | | 122. | |

10.1

128.104
05-01-11

671111

| Schedule K-1 (Form 1120S) **2011** | | Final K-1  Amended K-1  OMB No. 1545-0130 | | |
|---|---|---|---|---|

Schedule K-1
(Form 1120S)

Department of the Treasury
Internal Revenue Service

**2011**

For calendar year 2011, or tax
year beginning _____
ending _____

**Shareholder's Share of Income, Deductions,
Credits, etc.** ▶ See separate instructions.

| Part I | Information About the Corporation |
|---|---|

**A** Corporation's employer identification number
13-3783251

**B** Corporation's name, address, city, state, and ZIP code

GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,
700 WHITE PLAINS ROAD
SCARSDALE, NY  10583

**C** IRS Center where corporation filed return
E-FILE

| Part II | Information About the Shareholder |
|---|---|

**D** Shareholder's identifying number
████-4490

**E** Shareholder's name, address, city, state and ZIP code

GEORGE SHAPIRO
25 OLD SPRAIN ROAD
ARDSLEY, NY 10902

**F** Shareholder's percentage of stock
ownership for tax year .................. ___50.000000%

For IRS Use Only

| Part III | Shareholder's Share of Current Year Income, Deductions, Credits, and Other Items | | |
|---|---|---|---|
| 1 | Ordinary business income (loss) 604,971. | 13 | Credits |
| 2 | Net rental real estate inc (loss) | | |
| 3 | Other net rental income (loss) | | |
| 4 | Interest income | | |
| 5a | Ordinary dividends | | |
| 5b | Qualified dividends | 14 | Foreign transactions |
| 6 | Royalties | | |
| 7 | Net short-term capital gain (loss) | | |
| 8a | Net long-term capital gain (loss) | | |
| 8b | Collectibles (28%) gain (loss) | | |
| 8c | Unrecaptured sec 1250 gain | | |
| 9 | Net section 1231 gain (loss) | | |
| 10 | Other income (loss) | 15 | Alternative min tax (AMT) items A          61. |
| 11 | Section 179 deduction 14,227. | 16 | Items affecting shareholder basis C*          1,084. |
| 12 | Other deductions A          1,400. S*          15,923. | | D          385,836. |
| | | 17 | Other information |

*See attached statement for additional information.

SCHEDULE K-1            OTHER DEDUCTIONS, BOX 12, CODE S

| DESCRIPTION | AMOUNT | SHAREHOLDER FILING INSTRUCTIONS |
|---|---|---|
| MEDICAL INSURANCE PREMIUMS FOR MORE THAN 2% SHAREHOLDERS | 15,923. | SEE SHAREHOLDERS INSTRUCTIONS |
| TOTAL | 15,923. | |

SCHEDULE K-1            NONDEDUCTIBLE EXPENSES, BOX 16, CODE C

| DESCRIPTION | AMOUNT | SHAREHOLDER FILING INSTRUCTIONS |
|---|---|---|
| EXCLUDED MEALS AND ENTERTAINMENT EXPENSES | 1,084. | SEE SHAREHOLDERS INSTRUCTIONS |
| TOTAL | 1,084. | |

671111

| Schedule K-1<br>(Form 1120S)<br>Department of the Treasury<br>Internal Revenue Service | **2011** | ☐ Final K-1  ☐ Amended K-1 | OMB No. 1545-0130 |
|---|---|---|---|

For calendar year 2011, or tax
year beginning _____
ending _____

**Shareholder's Share of Income, Deductions,
Credits, etc.**  ▶ See separate instructions.

| Part III | Shareholder's Share of Current Year Income,<br>Deductions, Credits, and Other Items |
|---|---|

| **Part I**  Information About the Corporation | | |
|---|---|---|
| A  Corporation's employer identification number<br>13-3783251 | | |
| B  Corporation's name, address, city, state, and ZIP code<br><br>GEORGE SHAPIRO & JEFFEREY SHAPIRO MDS,<br>700 WHITE PLAINS ROAD<br>SCARSDALE, NY  10583 | | |
| C  IRS Center where corporation filed return<br>E-FILE | | |

| **Part II**  Information About the Shareholder | |
|---|---|
| D  Shareholder's identifying number<br>~~XXX-XX~~-3782 | |
| E  Shareholder's name, address, city, state and ZIP code<br><br>JEFFREY SHAPIRO<br>31 BROOKRIDGE ROAD<br>NEW ROCHELLE, NY 10804 | |
| F  Shareholder's percentage of stock<br>ownership for tax year ............  50.000000% | |

| | | | |
|---|---|---|---|
| 1 | Ordinary business income (loss)<br>604,970. | 13 | Credits |
| 2 | Net rental real estate inc (loss) | | |
| 3 | Other net rental income (loss) | | |
| 4 | Interest income | | |
| 5a | Ordinary dividends | | |
| 5b | Qualified dividends | 14 | Foreign transactions |
| 6 | Royalties | | |
| 7 | Net short-term capital gain (loss) | | |
| 8a | Net long-term capital gain (loss) | | |
| 8b | Collectibles (28%) gain (loss) | | |
| 8c | Unrecaptured sec 1250 gain | | |
| 9 | Net section 1231 gain (loss) | | |
| 10 | Other income (loss)<br>A | 15 | Alternative min tax (AMT) items<br>A                61. |
| 11 | Section 179 deduction<br>14,227. | 16 | Items affecting shareholder basis<br>C*          1,084. |
| 12 | Other deductions<br>A       1,400.<br>S*      15,923. | | D       385,836. |
| | | 17 | Other information |

For IRS Use Only

111271
11-07-11   JWA  For Paperwork Reduction Act Notice, see Instructions for Form 1120S.

*See attached statement for additional information.

Schedule K-1 (Form 1120S) 2011

13          SHAREHOLDER NUMBER 2

SCHEDULE K-1                    OTHER DEDUCTIONS, BOX 12, CODE S

| DESCRIPTION | AMOUNT | SHAREHOLDER FILING INSTRUCTIONS |
|---|---|---|
| MEDICAL INSURANCE PREMIUMS FOR MORE THAN 2% SHAREHOLDERS | 15,923. | SEE SHAREHOLDERS INSTRUCTIONS |
| TOTAL | 15,923. | |

SCHEDULE K-1                    NONDEDUCTIBLE EXPENSES, BOX 16, CODE C

| DESCRIPTION | AMOUNT | SHAREHOLDER FILING INSTRUCTIONS |
|---|---|---|
| EXCLUDED MEALS AND ENTERTAINMENT EXPENSES | 1,084. | SEE SHAREHOLDERS INSTRUCTIONS |
| TOTAL | 1,084. | |

**EXHIBIT 8**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

GEORGE C. SHAPIRO, MD &
JEFFREY T. SHAPIRO, MD, P.C.

                            Debtor.

------------------------------------------------------------x

## LIST OF EQUITY INTEREST HOLDERS

| | |
|---|---|
| JEFFREY T. SHAPIRO | 50.0% |
| GEORGE C. SHAPIRO | 50.0% |

DATED:        June 27, 2013
                   Scarsdale, New York

                                    _/s/ Jeffrey T. Shapiro_____
                                    **JEFFREY T. SHAPIRO**
                                    *President*
                                    *GEORGE C. SHAPIRO, MD &*
                                    *JEFFREY T. SHAPIRO, MD, P.C.*