Presentment Date & Time: **March 5, 2015 at 12:00 p.m.**
Objection Deadline: **March 5, 2015 at 11:30 a.m.**

HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York 10016
Robert L. Rattet, Esq.
(212) 592-1400
(212) 592-1500 Facsimile
rrattet@herrick.com
*Counsel for Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                 Chapter 11

GEORGE C. SHAPIRO, MD &                          Case No. 13-23096 (RDD)
JEFFREY T. SHAPIRO, MD, P.C.,

        Debtor.
-----------------------------------------------------------x

## NOTICE OF PRESENTMENT OF PROPOSED FINAL DECREE

**PLEASE TAKE NOTICE** that upon the annexed motion (the "**Motion**"), the undersigned counsel for George C. Shapiro, MD & Jeffrey T. Shapiro, MD, P.C. (the "**Reorganized Debtor**") will present the annexed proposed final decree pursuant to 11 U.S.C. § 350(a) and Federal Rule of Bankruptcy Procedure 3022 (the "**Proposed Final Decree**") for signature to the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), 300 Quarropas Street, Room 248, White Plains, New York 10601 on **March 5, 2015 at 12:00 p.m.** (New York time) (the "**Presentment Date**").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion or to the Proposed Final Decree must (i) be made in writing, (ii) state with particularity the grounds therefor, (iii) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (iv) be filed with the Bankruptcy Court electronically in

accordance with General Order M-182 (General Order M-182 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format (with a hard-copy delivered directly to the Chambers of the Honorable Robert D. Drain, 300 Quarropas Street, Room 248, White Plains, New York 10601), and (v) be served in accordance with General Order M-182, upon: (a) counsel for the Reorganized Debtor, Herrick, Feinstein LLP, 2 Park Avenue, New York, NY 10016 (Attn.: Hanh Huynh, Esq.); (b) the Office of the United States Trustee (Attn: Gregory Zipes, Esq.); and (c) all parties who have timely filed requests for notice under Rule 2002 of the Bankruptcy Rules, so as to be received no later than March 5, 2015 at 11:30 a.m. New York time.

**PLEASE TAKE FURTHER NOTICE** that if objections are timely filed a hearing may be scheduled before the Bankruptcy Court.  If a hearing is scheduled the Bankruptcy Court will notify the moving and objecting parties of the date and the time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend may result in relief being granted or denied upon default.  If no objections are timely filed and served, the Proposed Decree may be signed by the Bankruptcy Court.

Dated: New York, New York
February 19, 2015

                HERRICK, FEINSTEIN LLP

            By:   /s/ *Robert L. Rattet*
                 Robert L. Rattet
                 rrattet@herrick.com
2 Park Avenue
New York, NY  10016
(212) 592-1400
*Attorneys for the Debtor*

HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York 10016
Robert L. Rattet, Esq.
(212) 592-1400
(212) 592-1500 Facsimile
rrattet@herrick.com
*Counsel for Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                              Chapter 11

GEORGE C. SHAPIRO, MD &                        Case No. 13-23096 (RDD)
JEFFREY T. SHAPIRO, MD, P.C.,

       Debtor.
-----------------------------------------------------------x

# MOTION UNDER 11 U.S.C. § 350 AND FED. R. BANKR. P. 3022 FOR FINAL DECREE CLOSING THE REORGANIZED DEBTOR'S CHAPTER 11 CASE

George C. Shapiro, MD & Jeffrey T. Shapiro, MD, P.C. (the "**Debtor**"), by its attorneys, Herrick, Feinstein LLP, as and for its motion (the "**Motion**") for a final decree closing the Debtor's chapter 11 case, respectfully represents as follows:

1. This application is made pursuant to section 350 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3022 of the Federal Rules of Bankruptcy Procedure, for a final decree closing the above-captioned chapter 11 case.

2. On July 1, 2013 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court, and an order for relief under section 301 of the Bankruptcy Code was entered in this case (the "**Chapter 11 Case**").

3. The Debtor operates a medical practice specializing in treatment of cardiovascular disease, and runs a cardiology center at 700 White Plains Road, Scarsdale, New York.

4. On November 26, 2014, the Court entered an order (the "**Confirmation Order**") [Docket No. 91] confirming the Debtor's plan of reorganization (the "**Plan**") [Docket No. 86].

The Plan became effective (the "**Effective Date**") on or about December 10, 2014.

5. Pursuant to the Plan, on the Effective Date, Herrick, Feinstein LLP, as the Disbursing Agent[1] under the Plan, disbursed to the holders of Class 4 General Unsecured Claims their pro rata portion of $115,474. Further pursuant to the Plan, the reorganized Debtor has, and shall continue to make, from revenues generated by its operations, (i) monthly debt service payments to FCB on account of its Class 2 secured claim; (ii) monthly debt service payments to VGM on account of its Class 3 secured claim (VGM's secured has been satisfied in full); (iii) and twenty-four consecutive equal payments totaling $144,342 on a pro rata basis to holders of Class 4 General Unsecured Claims.

6. The Debtor's professionals will be paid from a third party or from revenues generated from the Debtor's operations on terms as the parties may agree. United States Trustee's fees shall be paid from the Debtor's operations. Thus, the Debtor has made Effective Date plan distributions to all creditors and continues to make monthly payments pursuant to the Plan.

7. Paragraph 27 of the Confirmation Order provides that "On the Effective Date, the Plan shall have been deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code." Thus, the Debtor respectfully submits that substantial consummation of the Plan has occurred.

8. Bankruptcy Code section 350(a) provides that "[a]fter an estate is fully administered . . . the court shall close the case." Courts have held that an estate is "fully administered" at the point of "substantial consummation" of the plan, as defined in Bankruptcy Code section 1101(2).[2] *See, e,g.*, *In re BankEast*, 132 B.R. 665, 668 n.3; (Bankr. D.N.H. 1991).

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.
[2] "Substantial consummation" is defined in Bankruptcy Code section 1101(2) to mean:
    (a) [the] transfer of all or substantially all of the property proposed by the plan to be transferred;

The Advisory Committee Note to Bankruptcy Rule 3022 provides a somewhat different approach to the issue, and lists a series of factors to be considered when deciding if a case has been "fully" administered:

> Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the Plan have been distributed, (3) whether the property proposed by the Plan to be transferred has been transferred, (4) whether the debtor or the successors of the debtor under the Plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the Plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Under either test, this case has been fully administered.

9. Pursuant to Rule 3022 of the Bankruptcy Rules, the Debtor respectfully requests that the chapter 11 case be closed as provided under section 350 of the Bankruptcy Code, subject only to this Court's continued retention of jurisdiction over such matters as may be prescribed in the Plan, the Confirmation Order and/or as provided for under the Bankruptcy Code.

WHEREFORE, the Debtor respectfully requests entry of the annexed final decree and for such other and further relief as is just and proper, for all of which no previous application has been made to this or any other Court.

---

(b)  assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
(c)  commencement of distribution under the plan.

11 U.S.C. § 1101(2).

Dated: New York, New York
      February 19, 2015

                                  HERRICK, FEINSTEIN LLP

By:   /s/ *Robert L. Rattet*
      Robert L. Rattet
      rrattet@herrick.com
2 Park Avenue
New York, NY  10016
(212) 592-1400
*Attorneys for the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                    Chapter 11

GEORGE C. SHAPIRO, MD &                                Case No. 13-23096 (RDD)
JEFFREY T. SHAPIRO, MD, P.C.,

       Debtor.
----------------------------------------------------------x

# FINAL DECREE

The estate of George C. Shapiro, MD & Jeffrey T. Shapiro, MD, P.C., the above-named reorganized debtor (the "**Reorganized Debtor**"), having been substantially administered and its confirmed plan of reorganization (the "**Plan**") having been substantially consummated as set forth in the Application For Final Decree, dated February 18, 2015, made pursuant to 11 U.S.C. § 350 and Rule 3022 of the Federal Rules of Bankruptcy Procedure, it is, THEREFORE, NOW

**ORDERED, ADJUDGED AND DECREED**, that the above-captioned chapter 11 case be, and hereby is, closed, subject to this Court's continued jurisdiction with respect to such matters as may be prescribed under the Plan, the order confirming the Plan dated November 26, 2014, and/or as provided for under the Bankruptcy Code.

Dated: New York, New York
        _____, 2015

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE